HENRY L. GLEASON *v.* CHARLES D. CHILDS.

*Usury.*

Plaintiff owed E. and E. owed defendant. E. applied to plaintiff for payment, to get funds to pay defendant, but agreed that, if plaintiff would procure defendant to wait, he would also wait. Plaintiff saw defendant, who agreed to wait, if plaintiff would pay him extra interest, which plaintiff paid. *Held*, not interest on a debt due from plaintiff to defendant, and not usurious.

GENERAL ASSUMPSIT. Pleas, general issue and Statute of Limitations. Trial by the court at the September Term, 1879, DUNTON, J., presiding. The facts were as follows :

In 1867 one Earle held a note against Cyrus Edson for $500, which was due, and on which payment was required. Edson asked the defendant to buy the note. The defendant had no money at the time, but agreed with Edson that he would raise the money, buy the note, and hold it for a year, for twenty dollars. He thereupon hired $480 of Isaac Munson, for which he gave Munson his own note, and with which he purchased the Edson note, Edson then paying the holder the balance due thereon. At the expiration of the year Edson held the plaintiff's note for $500 which was due. He told the plaintiff that he wanted the avails thereof to pay the note then held by the defendant; but agreed with him that, if he would arrange with the defendant to wait another year, he would also wait another year. The plaintiff thereupon went to the defendant, who told him what the arrangement had been—that he had borrowed the money to buy the note, &c., but that he would borrow it again and let the note run a year longer, if the plaintiff would pay him $20 extra interest in advance. The plaintiff assented, and paid the $20. Substantially the same arrangement was made each year thereafter until 1878; and the plaintiff, pursuant thereto, paid the defendant in all the sum of $184. The defendant arranged with Munson to let the note which Munson held against him run also; and it did run until the defendant collected the note against Edson. The simple interest on the latter note was paid to the defendant year by year by the plaintiff for Edson, and $200 of the principal was paid in the same manner. The balance was paid by Edson. The defendant never in any manner accepted the plaintiff as the person liable to him to pay said note. The amount of the extra interest paid by the plaintiff within six years prior to the date of the writ, with interest thereon, was $126.81; for which the court rendered judgment in favor of the plaintiff; to which the defendant excepted.

*Prout & Walker*, for the defendant.

The plaintiff was not a borrower of the defendant; nor was there a purchase by the defendant of the note against the plaintiff. At most the interest was paid for forbearance to Edson. No one but a borrower can recover—the statute is for his protection.

Gleason v. Childs.

*Rice* v. *Mather*, 3 Wend. 61, note *a* ; *Billington* v. *Wagoner*, 33 N. Y. 31 ; *Williams* v. *Tilt*, 36 N. Y. 319 ; *Ohio & Mississippi Railroad Co.* v. *Kasson*, 37 N. Y. 218.

This action is not in the nature of a *qui tam* action. If the borrower choose to pay an illegal rate he may lawfully do so. He may waive his right to recover usury. *Scott* v. *Lewis*, 2 Conn. 132 ; *Spaulding* v. *Davis*, 51 Vt. 77, and cases *passim*.

The contract was not usurious. The payment of the $20 was for the trouble of borrowing. *Hutchinson* v. *Hosmer*, 2 Conn. 341.

*J. E. Manley* and *P. R. Kendall*, for the plaintiff.

Assumpsit lies without the statute, to recover money paid as interest beyond the legal rate. *Davis* v. *Hoy*, 2 Aik. 303.

The opinion of the court was delivered by

ROYCE, J. The money that was paid by the plaintiff to Childs, and that is sought to be recovered back in this action, was not paid for the forbearance of any debt that the plaintiff owed Childs, or as interest upon any debt or claim then due from the plaintiff to Childs. The plaintiff was indebted to Edson, and Edson was indebted to Childs. The money paid by the plaintiff to Childs was under an agreement that in consideration of such payments Childs would give further time to Edson, and by so doing Edson would give further time to the plaintiff. Such a transaction has never been held by our courts to be usurious. It is neither within the letter or spirit of the statute. To constitute an usurious transaction there must generally be, first, a loan express or implied ; secondly, an agreement that the money or thing loaned shall or may be returned ; thirdly, that a greater rate of interest than is allowed by law shall be paid. And where there is no loan or forbearance there can be no usury.

*Judgment reversed, and judgment for the defendant.*