HARRISON S. CONNER *vs.* HARRIET C. HOWE and others.

September 30, 1886.

**Grantee, assuming Payment of Mortgage, held Estopped to set up Title acquired under a Prior Mortgage.**—To secure his note for $2,000, E. mortgaged certain land, which, subject to a mortgage to S., was owned by him, to H. The collection of the note was guaranteed by G. and R. E., by warranty deed, conveyed the land to W., subject to both mortgages; W., in the deed, and as part of the consideration thereof, assuming to pay both. W., by warranty deed, conveyed the land to M., subject to both mortgages; M., in the deed, and as part of the consideration thereof, assuming to pay both mortgages. Subsequently the S. mortgage was duly foreclosed, and, on the next day after the expiration of the period of redemption, the purchaser at the foreclosure sale executed to M. a quitclaim deed of the land. E. having failed to pay the guaranteed note at maturity, G. and R., the guarantors, immediately after his default, paid to H. the amount due thereon, and some six years afterwards, and after the commencement of this action, took an assignment of the mortgage from H. Six hundred and eighty-five dollars and seven cents of the amount of the H. note and mortgage has not been paid to G. and R. *Held*, 1. That M. is estopped to set up the title acquired by him through the foreclosure as against the H. mortgage.

**Same—Guarantors of Mortgage Debt Entitled to Subrogation.**—2. That G. and R., as sureties, had the right to pay the H. note, after it fell due, for their own safety and protection, and without reference to whether H. could collect of E. or not, and upon such payment they were immediately entitled to be subrogated to the securities held by H., and, among others, to the H. mortgage, and M.'s obligation to pay the same.

**Same—Assignment of Mortgage after Debt barred by Statute of Limitations.**—3. That the fact that the right of action of G. and R. against E. is barred by the statute of limitations does not extinguish the lien of the H. mortgage, against which the statute has not taken effect, or take away their right of subrogation to it.

Plaintiff brought this action in the district court for Hennepin county, to determine the adverse claims of the defendants to certain land. The defendants Howe, Rust, and Gale answered, alleging the execution and delivery of the Howe mortgage mentioned in the opin-

ion, and the payment thereof by Rust and Gale, and asked that that mortgage be decreed to be a valid and subsisting lien upon the land in question. The action was tried without a jury, before *Young*, J., who found the facts as recited in the opinion, and directed judgment for the defendants, from which the plaintiff appeals.

*Edward Savage*, for appellant.

*Cross, Hicks & Carleton*, for respondents.

BERRY, J. This is the statutory action to determine an adverse claim. The plaintiff rests upon his admitted possession alone. The defendants Howe, Rust, and Gale claim a lien upon the premises in controversy under the state of facts following: Carson, then owner of the property, on March 23, 1874, mortgaged it to Eliza T. Shoemaker to secure $6,000. Default having been made in its condition, the mortgage was duly foreclosed by advertisement on May 15, 1877, and a duly executed and acknowledged certificate of sale delivered to the purchaser, R. H. Shoemaker, and duly recorded June 2d following. On May 14 and December 10, 1874, Carson conveyed the property, subject to the Shoemaker mortgage, to certain parties, and as the result of this and subsequent conveyances the property became vested, subject to such mortgage, in Eaton, who thereupon, on August 18, 1875, mortgaged it to Howe to secure a $2,000 note, the *collection* of which was, by writing thereon indorsed, guaranteed by Gale & Co., a firm composed of defendants Gale and Rust. On January 20, 1877, Eaton, by warranty deed, conveyed the property to Wilson, subject to the Shoemaker and Howe mortgages, payment of which was assumed by Wilson in the deed as part of the consideration thereof. On January 30, 1877, Wilson, by warranty deed, conveyed the property to Mayo, subject to both of said mortgages, which Mayo, in such deed, also assumed to pay as part of the consideration thereof. On May 16, 1878, the next day after the expiration of the period of redemption from the foreclosure sale before mentioned, R. H. Shoemaker, the purchaser at such sale, executed to Mayo a quitclaim deed of the property. Upon the maturing of the Howe note and mortgage, Eaton, the maker thereof, having failed to pay the same, Gale & Co., the guarantors, immediately after such default, paid Howe the amount due thereon for principal and interest,

but took no assignment of the mortgage until June 29, 1885. After the payment of the note and mortgage by Gale & Co. to Howe, and at different times prior to December, 1878, Wilson and Mayo paid portions of the amount thereof to Gale & Co., so that on November 1, 1885, which was about the time of the trial of this action below, there was a balance thereof, which had not been paid, of $685.07.

Upon this state of facts the title of the property in controversy is in Mayo; the plaintiff, so far as appears, being a mere squatter. By the terms of the deed from Wilson, Mayo was bound, and in legal implication covenanted, (*Dunning* v. *Leavitt,* 85 N. Y. 30,) to pay both mortgages. *Heim* v. *Vogel,* 69 Mo. 529. He took his title subject to both, and to his agreement to pay both. Hence it was not competent for him to deal with the first so as to cut out and destroy the lien of the second; for this would be in derogation of his agreement, and of the duty which he had solemnly assumed. And the mortgaged premises having been sold upon foreclosure of the first mortgage, and Mayo having taken a conveyance of the title which had become perfected in the purchaser, he was estopped to set it up against the second or Howe mortgage, for this would violate the obligation and duty which he had assumed in reference to that mortgage, and permit him to build up a title upon his own default. *Allison* v. *Armstrong,* 28 Minn. 276, (9 N. W. Rep. 806.) Mayo was thus estopped, as respects Howe, because his agreement to assume and pay the Howe mortgage inured to Howe's benefit. *Lahmers* v. *Schmidt, ante,* p. 434.

He is likewise thus estopped, as respects Gale and Rust, if they are entitled to stand in Howe's shoes, as they are if they are subrogated, or entitled to be subrogated, to Howe's securities, among which is Mayo's obligation to pay the Howe mortgage. They were entitled to be so subrogated because they were sureties for the payment of the Howe note. They were none the less sureties because guarantors of *collection,* rather than of *payment.* As such guarantors, their liability was contingent upon the inability of Howe to collect the note of Eaton, the maker; but, notwithstanding it was thus contingent, they were *sureties,* and not mere strangers. Being *sureties,* they had the right to pay the note, after it fell due, for their own safety and pro-

tection, (*Craig* v. *Craig,* 5 Rawle, 91; *Tillotson* v. *Rose,* 11 Met. 299,) and upon such payment they were, by operation of law, immediately entitled to be subrogated to the securities held by Howe, and, among other things, to the Howe mortgage, and to Mayo's obligation to pay it. Sheld. Subr. §§ 86, 87; Baylies, Sur. 359; Brandt, Sur. §§ 260, 262, 274, 275; *Shinn* v. *Budd,* 14 N. J. Eq. 234; *McArthur* v. *Martin,* 23 Minn. 74; *Felton* v. *Bissel,* 25 Minn. 15; *City of Keokuk* v. *Love,* 31 Iowa, 119; 1 Lead. Cas. Eq. 136.

Eaton having failed to pay his note at maturity, it does not lie in his mouth, nor that of any other person, to object that the note *could have been* collected of him, and thus seek to take advantage of his own *default.* Neither, if it be the fact that the right of action of Gale and Rust against Eaton is barred by the statute of limitations, does that extinguish the lien of the Howe *mortgage,* against which the statute has not taken effect, or take away the right of subrogation to it. They stand in Howe's place, and the mortgage is no more extinguished as to them than it would have been as to Howe if the Eaton note had not been paid. *Smith* v. *Swain,* 7 Rich. Eq. 112; Wood, Lim. § 21; *Ozmun* v. *Reynolds,* 11 Minn. 341, (459;) *Lumpkin* v. *Mills,* 4 Ga. 343; *Felton* v. *Bissel,* 25 Minn. 15. The result is that, under the assignment thereof, Gale and Rust are completely subrogated to the Howe mortgage, and that by virtue thereof there is a subsisting lien upon the property in controversy in their favor, and the finding of the court below to that effect is therefore correct. At the commencement of the action Howe held the mortgage in trust for Gale and Rust; but since the assignment she has no longer any lien upon the property in trust or otherwise, so that, strictly and technically, the plaintiff was entitled to a formal judgment against her, and the judgment may be modified accordingly if plaintiff deems it worth while to ask for the modification, which will not, however, be permitted to affect the question of costs or disbursements.

The judgment will be modified accordingly, if plaintiff signifies his desire for the modification within five days from notice of this decision; otherwise it is affirmed.