E. P. Trautwein vs. Twin City Iron Works.

Argued Nov. 8, 1893.   Affirmed Nov. 14, 1893.

No. 8374.

Former suit not a bar.

Where a note is given for the price of a chattel sold with warranty, a recovery for a breach of the warranty does not affect the right to recover on the note.

Appeal by plaintiff, E. P. Trautwein, from a judgment of the District Court of Hennepin County, *Henry G. Hicks*, J., entered May 13, 1893.

*George H. Benton,* for appellant.

*George F. Edwards,* for respondent.

Gilfillan, C. J.   The action is on a judgment in favor of plaintiff against defendant recovered in the circuit court for the county of Bollinger, in the state of Missouri.   It appears that defendant sold to plaintiff certain mill machinery, warranting the quality or capacity thereof, and for the purchase price, or for part of it, plaintiff executed to defendant his promissory note.   This defendant brought, in said circuit court, an action against this plaintiff to recover upon the note, and in that action the defendant (this plaintiff) set up a counterclaim upon an alleged breach of the warranty.   It appears that, by the statute of Missouri, a plaintiff may dismiss his action, even where a counterclaim has been pleaded by the defendant, but in such case the dismissal shall not affect the counterclaim, as to which the action shall proceed as though originally brought upon it.

Before a trial, the plaintiff in that action, by leave of court, dismissed his action, and withdrew his cause of action, and the action stood for trial on the counterclaim alone, and the defendant in that action recovered on the counterclaim the judgment to recover upon which this action is brought, in which this defendant sets up a counterclaim on the note.   The court below allowed that counterclaim.

The appellant seems to think that, in some way, the determination of the counterclaim in the Missouri action involved and disposed of

the right to recover on the note. But the two causes of action were independent, in the sense that, in the absence of any statute to the contrary, an action might be brought and recovery had on one without reference to the other. They accrued at different times—that on the note at the time when, by its terms, it fell due; that on the warranty, instantly upon the sale. A recovery on the note would not affect the right to recover for the breach of warranty, and *e converso.*

Judgment affirmed.

(Opinion published 56 N. W. Rep. 750.)