HENRY M. LITTLE vs. S. GEORGE COOK et al.

Argued by appellant, submitted on brief by respondent, Oct. 26, 1893. Reversed Nov. 14, 1893.

No. 8255.

Hearsay evidence.

Certain evidence held to be hearsay, and therefore inadmissible.

Appeal by plaintiff, Henry M. Little, from an order of the District Court of Hennepin County, William Lochren, J., made March 23, 1893, denying his motion for a new trial.

Frank E. Little had the legal title to a lot on First Avenue North in Minneapolis with a warehouse thereon. It was incumbered by mortgage given by the former owner to Charles H. Maxcy for $20,000 and interest at seven per cent. a year payable semiannually. Frank E. Little leased the property to the Star Elevator Company for $1,500 a year and then conveyed it September 22, 1888, to Joseph E. Thwing subject to the mortgage. Thwing conveyed it December 31, 1888, to the plaintiff subject to the mortgage. The defendants, S. George Cook and Charles H. Maxcy were partners in business and they with the permission of the plaintiff collected the rents to the amount of $3,000. Plaintiff claims that these rents were to be applied upon the mortgage held by Maxcy, but that Maxcy foreclosed the mortgage and bid in the property for the full amount of the mortgage

debt and interest, without applying thereon any of the rents collected. Plaintiff brought this action to recover of Cook and Maxcy the rents they had collected. They answered that Frank E. Little was indebted to them $10,000 on his notes unsecured. That he in fact owned the lot and warehouse, but conveyed it to Thwing and had Thwing convey it to his brother, the plaintiff, to hold the title in trust for him and conceal it from his creditors. That he and plaintiff both agreed that the rents should be applied upon the notes for $10,000 and not upon the mortgage. They alleged that the money collected had been so applied. On the trial, plaintiff was a witness and denied that he ever consented that the rents should be applied upon his brother's debt. Maxcy testified that he did. Maxcy was also asked by defendants to testify to a conversation he had with Frank E. Little. To this plaintiff objected, but was overruled and he excepted. Maxcy then testified that Frank E. Little told him the property stood in his brother's name, but was his, and gave witness an order for the rents to apply on his notes and asked him not to sue on them. Afterwards, Plaintiff called Frank E. Little as a witness and he denied having this conversation. The Court made findings and ordered judgment for defendants. Plaintiff moved for a new trial but was denied and he appeals.

*C. J. Cahaley* and *James D. Shearer*, for appellant.

*Wilson & Vanderlip*, for respondents.

GILFILLAN, C. J. One Frank E. Little was the owner of certain real estate in Minneapolis, subject to a mortgage, and executed to the Star Elevator Company a lease upon it. He then conveyed to one Thwing, and Thwing conveyed to plaintiff. Frank E. Little gave to defendants an order, assented to by plaintiff, upon the tenant requesting it to pay the rent to the defendants. Plaintiff gave two similar orders, the three covering the rent for two years, amounting to $3,000, and upon them the rent was paid to defendants.

Plaintiff claims that the orders were given and the rents collected under an agreement between him and defendants that they should pay the rents collected to satisfy the interest upon the mortgage.

Defendants claim that the orders were given under an agreement between them and Frank E. Little, assented to by plaintiff, by which

the defendants were to receive the rents, and apply them upon indebtedness due them from Frank E. Little.

On the question of how the rents, when collected, were to be applied, the evidence was directly contradictory, so that it was proper for either party to prove facts that would make his version of the arrangement the more reasonable and probable. For that purpose it was proper for defendants to prove, by parol, if need be, that plaintiff held the legal title to the property for the benefit of Frank E. Little, for his use; not to establish a trust, but to show that between plaintiff and Frank E. Little it was understood that the latter might appropriate the rents.

But the court below erred in permitting defendants to prove the declarations to that effect of Frank E. Little. There was nothing in the case to remove these from the rank of hearsay.

Order reversed.