FRANCES S. WELBON v. EMILY WEBSTER and Others.[1]

May 1, 1903.

Nos. 13,400—(97).

**Mortgage—Consideration—Estoppel.**

A. mortgaged a tract of land to B. to secure the payment of $500. B. sold and assigned the mortgage and debt thereby secured to C. Subsequent to the assignment, A., to obtain an extension of the time of payment of the debt thus secured, executed another mortgage to B. on the same land to secure the same debt. The first mortgage was not satisfied. A. then sold the land to plaintiff, who assumed and agreed to pay the first mortgage. She thereafter brought this action to cancel and set aside the second mortgage on the ground that it was without consideration and void. It is *held* that the evidence is conclusive that the second mortgage was without consideration, the debt which it secured not being owned by the mortgagee at the time of its execution, by reason of which the mortgagee had no authority to grant an extension of the time of payment of the debt thereby secured; that as plaintiff did not take title to the land subject to the second mortgage, or assume or agree to pay it, she is not estopped from asserting its invalidity, and may effect its cancellation in this action.

[1] Reported in 94 N. W. 550.

89 M.—12

Appeal by plaintiff from a judgment of the district court for Otter Tail county, entered pursuant to the findings and order of Baxter, J. Reversed, and judgment ordered for plaintiff.

*J. W. Mason,* for appellant.

BROWN, J.

Action to cancel, set aside, and annul of record a real-estate mortgage on the ground that it was without consideration. Defendant had judgment, and plaintiff appealed therefrom.

The facts are as follows: On November 1, 1889, one Wickham was the owner of the land in question, and, to secure the payment of a promissory note for the sum of $500, payable to the Globe Investment Company, a Massachusetts corporation, executed to that company a mortgage thereon, which mortgage was duly recorded. On December 26, 1889, the investment company, for value, and in the usual course of business, indorsed and transferred the note to one Cooper, and at the same time assigned to him the mortgage. The assignment was not recorded. On October 29, 1894, before the promissory note secured by that mortgage became due, but after the assignment thereof to Cooper, for the purpose of renewing and obtaining an extension of time of payment of the same, Wickham made another promissory note and mortgage upon the same land to the investment company. The mortgage was duly recorded. On July 15, 1895, the investment company sold and assigned this note and mortgage to defendant Webster; the assignment being duly recorded. At the time of the transfer of this note and mortgage to defendant, she had notice of the existence of the prior mortgage, but not of the fact that the mortgage assigned to her was executed to the investment company to renew or obtain an extension of the prior mortgage. On September 20, 1898, Wickham sold and conveyed the mortgaged land to the plaintiff in this action, and plaintiff expressly assumed and agreed to pay the first mortgage. As already stated, no consideration was given by the investment company for the second note and mortgage, other than an extension of the time of the payment of the first mortgage, which the investment company did not then own. On the claim that the second mort-

gage was void for want of consideration, this action was brought to cancel and set it aside.

Respondent did not appear in this court, or submit any brief in support of the judgment appealed from, and the cause was submitted by appellant's counsel upon his brief, without applying for a reversal under the rule. To avoid the necessity of another trial of the action, and to dispose finally of the case, we consider it upon the merits. We are of opinion that the learned court below applied the wrong principle of law to the undisputed facts, and that the judgment should be reversed. The evidence is conclusive that there was no consideration for the second mortgage. It has always been the law in this state that a promissory note, and a mortgage securing its payment, though one transaction, constitute separate and independent contracts. McManaman v. Hinchley, 82 Minn. 296, 84 N. W. 1018, where cases on this point are cited. Promissory notes are negotiable, and pass to a bona fide purchaser free from all equities and defenses, but not so as to mortgages which secure the payment of such notes. They are not negotiable, and an assignee thereof takes them subject to all defenses and all equities existing between the original parties. As it appears without dispute in the case at bar that the second mortgage which plaintiff seeks to have cancelled was without consideration, and given to obtain an extension of the time of payment of the first mortgage, which the investment company did not own, it should be cancelled and set aside. Had the second mortgage and note been given and received in payment of the first, the latter being then owned by the mortgagee, a different case would be presented. In that case the execution and delivery of the second would extinguish the first, and the second, and not the first, would be operative. Plaintiff is not precluded by her knowledge of the existence of the second mortgage from asserting its invalidity. She did not assume or agree to pay or discharge it. Calkins v. Copley, 29 Minn. 471, 13 N. W. 904.

As these facts appear from the findings of the trial court, and are not disputed, plaintiff should have judgment cancelling and setting aside the second mortgage. The judgment appealed from is therefore reversed, with directions to the court below to enter judgment accordingly.