CLARA E. WIDELL and Another v. NATIONAL CITIZENS BANK OF
MANKATO and Others.[1]

June 26, 1908.

Nos. 15,606—(123).

**Usury.**

Action to cancel, as usurious, five promissory notes and the real es-
tate mortgage securing them. *Held,* that the finding and decision of
the trial court, to the effect that the notes and mortgages were usurious
and that they be canceled, is sustained by the evidence.

Action in the district court for Nicollet county against National
Citizens Bank of Mankato, William G. Hoerr and Carlos Boynton to
cancel five promissory notes and a real estate mortgage securing them,
given by plaintiffs to defendant Hoerr and by him transferred to de-
fendant Boynton, on the ground that the notes were usurious. In
his answer to the complaint defendant Boynton set up that Hoerr,
representing himself as such, was the agent of plaintiffs in making the
sale of the notes and mortgage, that the answering defendant was a
purchaser of them for value before maturity in good faith, and prayed
that the mortgage be foreclosed. The defendant bank in its answer
to the complaint alleged that the plaintiffs had made another mortgage
or trust deed of the same property in favor of defendant bank to
secure the payment to it of $50,000, and prayed to have this mortgage
foreclosed as a first mortgage superior to the other.

The case was tried before Olsen, J., who made findings and as con-
clusions of law found that the notes in suit were usurious and void,
as was the mortgage securing them, and that defendant bank was en-
titled to the foreclosure of its trust deed. The defendants Hoerr and
Boynton moved for a new trial on the ground that the decision was
not justified by the evidence, and the motion was denied. From this
order they appealed. Affirmed.

*S. B. Wilson* and *Davis & Olsen,* for appellants.

*Harrison L. Schmitt* and *John W. Schmitt,* for respondent bank.

*Pfau & Pfau, C. J. Laurisch,* and *H. N. Benson,* for respondents
Widell.

[1] Reported in 116 N. W. 919.

START, C. J.

This action was brought in the district court of the county of Nicollet to cancel five promissory notes and a mortgage on the lands of the plaintiff securing their payment, on the ground that the notes and mortgage were usurious and void. The cause was tried by the court without a jury, and findings of fact made in favor of the plaintiffs, and judgment directed canceling the notes and mortgages as usurious and void. The defendants Hoerr and Boynton appealed from an order denying their motion for a new trial.

The trial court made findings of fact and conclusions of law to the effect following:

The plaintiffs are, and were at all times herein stated, husband and wife. On September 14, 1905, the wife owned a farm in the county of Nicollet of the value of $15,000, and the husband owned land in the county of Blue Earth of the value of $18,000, and on that day the husband, hereafter referred to as Widell, borrowed of the defendant Hoerr $25,000, to be paid in six months, with interest at the rate of seven per cent. per annum, for which the plaintiffs executed to him five promissory notes, each for $5,000, due in six months, at seven per cent. per annum. Each of the notes was payable to the order of the makers, and was indorsed by them in blank and delivered to Hoerr. The plaintiffs, at the time of giving the notes, executed a mortgage on the lands owned by them, respectively, to secure the payment of the notes, which was duly recorded in the proper offices of the register of deeds on September 18 and 28, 1905. At the time of making this loan Widell was the president and a stockholder of the Widell-Finley Company, a corporation organized under the laws of this state, with an indebtedness limitation of $50,000; but it then owed $100,000, all of which was then known to Widell and Hoerr. As a condition to the making of the loan, and as a part of the same transaction, Hoerr required Widell to procure, execute, and deliver to him the agreement of the corporation to pay him $5,000, and to give to him its promissory note therefor, due in six months, with interest at seven per cent., for his alleged services to be performed by him in negotiating the loan. Widell agreed to do so, and he did cause to be executed such agreement and note of the corporation, signed by himself as its president, and by its secretary. The note was payable to the corporation, but was indorsed by it in

blank and delivered to Hoerr, with the notes of the plaintiffs aggregating $25,000, with the mortgage securing their payment. Thereupon he paid to Widell, as and for the loan, $25,000 of his own money, and no more. Of the amount so borrowed and secured, $20,000 was borrowed for the use and benefit of the corporation, and the balance for Widell, as was well known to Hoerr at the time the loan was made. The agreement and note of the corporation were taken and received by Hoerr without any consideration therefor except the loan to Widell, and were a device to cover and conceal usury, and both Hoerr and Widell so understood and intended at the time of making the loan. On September 23, 1905, Hoerr indorsed in blank and delivered the notes made by the plaintiffs to the defendant Boynton, and on December 4 next thereafter he executed and delivered to him an assignment of the mortgage securing the notes. He paid no consideration for such transfer of the notes and mortgage, and parted with and paid no value therefor until after the maturity of the notes, and he is not an innocent purchaser thereof for value before the maturity of the notes. No part of the loan or of the note given by the corporation has ever been paid. Widell, on February 17, 1906, was duly adjudged a bankrupt, and before the commencement of this action he was duly discharged in bankruptcy and released from all personal liability upon the notes so made by the plaintiffs. The plaintiffs, on December 28, 1906, duly executed a mortgage, or trust deed, upon the land included in the Hoerr mortgage to the defendant bank to secure the indebtedness of Widell and the corporation to the bank. There is now past due and unpaid on the mortgage to the bank approximately $38,000, with interest. The trial court found, as conclusions of law, from the foregoing facts, that the Hoerr notes and mortgage were usurious and void, and that they and the record thereof be canceled, and, further, that the mortgage of the bank be foreclosed. Judgment was ordered accordingly.

1. The first contention of the appellants is that the court erred in holding that Boynton parted with and paid no value for the transfer of the notes and mortgage until after their maturity and that he is not an innocent purchaser for value before maturity, and hence he was not entitled to a personal judgment against the plaintiff Clara E. Widell for the amount of the notes in question.

The record discloses evidence tending to show that Boynton, on September 23, 1905, sent his checks, dated December 1, 1905, to Hoerr for the notes and mortgage in question, who kept the checks without presentation or negotiation until after the maturity of the notes, March 14, 1906, and until May 1 thereafter, and that Boynton requested him to carry the checks for "a while." Counsel urges that the giving of the checks was at least a conditional payment, and therefore the finding challenged is not supported by the evidence. It is clear that Boynton at all times until after the notes became due might have stopped payment on the checks; but, this aside, we are of the opinion that the finding by the trial court of the ultimate fact that Boynton was not an innocent purchaser of the notes without notice and for value is sustained by the evidence. Inasmuch as the claim of Boynton in his answer and on the trial was to the effect that Hoerr was simply the agent of the plaintiffs and as such negotiated and delivered the notes to him, it follows that much of the evidence on the issue whether the notes belonged to Hoerr and whether they were usurious bears directly or indirectly on the question whether Boynton was an innocent purchaser of the notes from plaintiffs, through their alleged agent, Hoerr. If, therefore, he was not such agent, there can be little or no doubt, upon the evidence, that Boynton was not a bona fide purchaser of the notes.

2. The defendants' assignments of error 5 to 11, inclusive, raise the question whether the finding and conclusion of the trial court that the notes and mortgage were usurious are sustained by the evidence. This general and controlling question includes two subordinate ones, namely: Are the evidentiary facts found by the trial court sustained by the evidence? If so, is the conclusion drawn by the court from the facts justified by the law applicable thereto? The pivotal finding of fact is that Hoerr was not the agent of the plaintiffs, and did not procure Boynton to take the loan as their agents, but that the loan was made by him for himself and with his own money, and that he exacted and was given the note of the corporation for $5,000 as a bonus for making the loan.

The evidence relevant to this issue was conflicting. There was evidence on the part of the respondents, notably the testimony of Widell, directly tending to show that Hoerr was not the agent or brok-

er of the plaintiffs to negotiate a loan for them, and that the $5,000 note was exacted by him as a bonus for the loan of his own money to them. On the other hand, there was evidence on the part of the appellants, especially the testimony of Hoerr, directly tending to show that he acted simply as a broker for the plaintiffs to secure the loan for them from a third party, and that the $5,000 note was intended only as his reasonable compensation for his services as such broker. It is claimed by the appellants that the testimony of Widell is so thoroughly contradicted by the testimony of disinterested witnesses and the circumstances of the case, as disclosed by the evidence, that it is not entitled to credence. In this connection much stress is laid upon the written agreement of the corporation, which was signed by Widell, as its president, and by its secretary, to the effect that the corporation should give Hoerr $5,000 for negotiating the loan in question as a broker or agent, and upon the fact that the note was given in execution of this agreement. Where there is evidence tending to show that a given transaction is usurious, a formal written contract, fair and valid on its face, between the parties to the contrary cannot be accepted as conclusive; for experience teaches that necessitous borrowers, as a rule, will sign any kind of document they are required to execute in order to obtain a necessary loan. Therefore there is no device or shift on the part of the lender of money to evade the statute against usury behind which the law will not look to ascertain the real character of the transaction. The evidence is voluminous, and much of it conflicting; but the credibility of the witnesses was a question for the trial court, and we shall not attempt here to discuss and analyze the evidence. We have, however, fully considered it, and are of the opinion, and so hold, that the evidentiary facts found by the trial court are sustained by the evidence.

This brings us to the question whether the inference that the transaction in question was usurious, drawn by the trial court from such facts, is correct. The appellants urge in this connection that the plaintiffs neither paid nor agreed to pay anything in excess of the legal rate of interest for the loan, for the alleged bonus was given by the corporation; hence the case falls within the rule that usury laws are designed to protect the borrower from being obliged to pay more than the amount limited thereby for the loan of money, and not to prevent

the lender from receiving such excess from a third party who voluntarily undertakes to pay it—citing McArthur v. Schenck, 31 Wis. 673, 11 Am. 643; Gleason v. Childs, 52 Vt. 421; Billington v. Wagoner, 33 N. Y. 31; Williams v. Tilt, 36 N. Y. 319.

It is quite clear that neither the rule nor any of the cases cited has any application to the facts of this case, for the corporation was not a volunteer in giving the note for $5,000, but, on the contrary, the borrower, Widell, was required to secure the agreement and note from the corporation, and it was at his request and by his procurement that they were made, and, the note having been given at his request, he was required to account with the corporation for the amount thereof. It follows that the corporation was not a volunteer, and that the consideration for its promises moved from the borrower and not from the lender. The cases cited illustrate the distinction between the cases which are within the rule stated and the one at bar. Thus, in the first case cited, A. proposed to buy of B. a farm valued at $2,500, if he could borrow the money of C., who offered to make the loan for $30 bonus. A. refused to borrow on those terms. Then B. offered to pay the $30, or to accept $2,470 for his farm. Thereupon A. received from C. the last-named sum, and paid it to B. for the farm, and gave C. a mortgage for $2,500 at the highest legal rate of interest. It was held that there was no contract on A.'s part to pay usurious interest. In the second one the facts and decisions were as follows: "Plaintiff owed E., and E. owed defendant. E. applied to plaintiff for payment, to get funds to pay the defendant, but agreed that, if plaintiff would procure defendant to wait, he would also wait. Plaintiff saw defendant, who agreed to wait if plaintiff would pay him extra interest, which plaintiff paid. *Held* not interest on a debt due from plaintiff to defendant, and not usurious."

It is further urged by appellants that the transaction was not usurious, because the note of the corporation for $5,000 was a nullity; hence there was no usury. This conclusion is based upon the fact that the corporation, at the time the note was given, had exceeded its debt limit, and that the making of the note was not authorized by the board of directors. The note was not necessarily void for the reasons urged. The evidence tends to show that it was the duty and custom

of Widell, as president of the corporation, to attend to the business of securing the necessary money and loans for carrying on the business of the corporation and to execute on its behalf promissory notes therefor, all of which was known to its directors and stockholders; that one of the purposes of securing the loan in question from Hoerr was to secure money for the corporation; and, further, that $20,000 thereof was placed to its credit and used by it in paying its employees and other indebtedness. Again, the note was upon its face the negotiable note of the corporation, and Hoerr could have negotiated it. Therefore the evidence in this case is amply sufficient to justify the conclusion that, eliminating any question of usury, the $5,000 note exacted by Hoerr as a bonus was a valid obligation of the corporation; for it actually obtained by the transaction a sum of money four times greater than the amount of the note, which was used to discharge its obligations. We are not called upon to discuss or determine whether the note was void because usurious, for it is clear that Hoerr cannot urge the claim.

3. The last contention of the appellants to be considered is that the defendant bank is not in position to take advantage of usury in the Hoerr mortgage, for the reason that a subsequent mortgagee cannot allege usury in a prior mortgage. Even if such be the rule, neither Boynton nor Hoerr is in a position to invoke it in this case, for the trial court found and decided at the suit of the plaintiffs that the Hoerr mortgage was void and should be canceled of record, and the only relief granted to the defendant bank was judgment foreclosing its mortgage. It may be conceded that the result of the judgment will be that the bank's mortgage is a first lien on the mortgaged premises; but this result follows from the judgment in favor of the plaintiffs canceling the Hoerr mortgage and the record thereof as void. If, however, the trial court had expressly directed judgment in favor of the bank canceling the Hoerr mortgage, it would not have been error; for the bank did not in and by its mortgage assume and agree to pay the Hoerr mortgage, nor was the bank's mortgage made by its terms subject to the Hoerr mortgage, for the only reference to his mortgage therein was to the effect that the premises were then "incumbered by a mortgage to W. G. Hoerr to secure payment of the sum of twenty-

five thousand dollars." This does not estop the bank from contesting the validity of the Hoerr mortgage. Calkins v. Copley, 29 Minn. 471, 13 N. W. 904.

Order affirmed.