# FRANK WILLIAM SIDNEY CRISPO v. THOMAS HOWARD CONBOY AND OTHERS.[1]

November 10, 1922.

No. 22,915.

**When grantee may defend against his grantor's mortgage.**

1. A grantee in a deed may defend against a mortgage given by his grantor unless he has assumed and agreed to pay it or has taken the land subject to it.

**Grantor's admissions concerning real estate inadmissible against his grantee, when.**

2. Declarations and admissions concerning property made by a grantor after he has conveyed it are not admissible in evidence against his grantee.

**Sufficiency of pleadings on motion for judgment.**

3. On a motion for judgment on the pleadings every reasonable intendment will be made in favor of the sufficiency of the pleading.

**Judgment for plaintiff on the pleadings not warranted.**

4. The answer put in issue material allegations of the complaint and plaintiff was not entitled to judgment on the pleadings.

Action in the district court for Hennepin county to foreclose a mortgage and for the appointment of a receiver of the premises to collect rents, etc. Plaintiff's motion for judgment of foreclosure on the pleadings was granted by Bardwell, J., who made findings and conclusions. From the judgment entered pursuant to the order for judgment, H. W. White Investment Company appealed. Reversed.

*Elliott & Doll* and *Rieke & Hamrum*, for appellant.

*L. K. Eaton*, for respondent.

TAYLOR, C.

The owners of an apartment building in the city of Minneapolis executed 5 mortgages thereon, and thereafter conveyed the property

[1]Reported in 190 N. W. 541.

to a third party who subsequently conveyed it to defendant H. W. White Investment Company by quitclaim deed. Plaintiff, the holder of the fifth mortgage, brought this action to foreclose his mortgage. The mortgagors and the White Investment Company interposed separate answers. Plaintiff made a motion for judgment on the pleadings which was granted, and the court made findings of fact and conclusions of law pursuant to which a judgment of foreclosure was entered. Defendant investment company appealed from the judgment.

Plaintiff contends that the investment company is precluded from defending against his mortgage by the fact that it acquired title to the property under and through a subsequent deed from the mortgagors. But the investment company did not take the title subject to the mortgage and did not assume or agree to pay the mortgage. It is well settled that the grantee in a deed may defend against a mortgage given by his grantor, unless he has assumed and agreed to pay it or taken the land subject to it. Calkins v. Copley, 29 Minn. 471, 13 N. W. 904; Gerdine v. Menage, 41 Minn. 417, 43 N. W. 91; Welbon v. Webster, 89 Minn. 177, 94 N. W. 550; Widell v. National Citizens Bank, 104 Minn. 510, 116 N. W. 919.

The mortgagors interposed an answer in which they admitted all the allegations of plaintiff's complaint, and plaintiff contends, in effect, that the investment company is bound and concluded by these admissions. It is thoroughly settled that declarations and admissions concerning property made by a grantor after he has conveyed it, are not binding upon, nor admissible in evidence against his grantee. Adler v. Apt, 30 Minn. 45, 14 N. W. 63; Little v. Cook, 55 Minn. 265, 56 N. W. 750; Kurtz v. St. Paul & D. R. Co. 61 Minn. 18, 63 N. W. 1; Dickson v. Miller, 124 Minn. 346, 145 N. W. 112; Sons v. Sons, 145 Minn. 367, 177 N. W. 498.

Plaintiff also contends that the answer of the investment company admits his cause of action and that there was no issue for trial.

In the eighth paragraph of the complaint, plaintiff alleged the execution of the mortgage to himself; that it was given to secure an indebtedness in the sum of $19,300; that there is now due and owing

on account of said indebtedness the sum of $19,300 with interest thereon; that said indebtedness and all thereof is past due and unpaid; that the conditions which the mortgage was given to secure have been breached and there is a default thereon; and that the same is now subject to foreclosure. The thirteenth paragraph of the complaint reads:

"That no extension of time for the payment of said indebtedness has ever been made and that said indebtedness has not been paid, nor any part thereof and that there is now due and owing on account thereof the sum of $21,246.08 and default has been made in the payment of said mortgage and the debt thereby secured and the power of sale in said mortgage contained has become and is operative and no other action or proceeding has been commenced to recover said debt and said mortgage."

The answer of the investment company specifically denies all the allegations of the eighth paragraph of the complaint, and then alleges on information and belief that the mortgage described in that paragraph, "was not the original mortgage, but was given as additional security to a certain land transaction * * * that said mortgage recites a sum far in excess of the real consideration or amount to be covered by said mortgage, if any at all."

The answer also specifically denies each and every allegation of the thirteenth paragraph of the complaint without any qualification whatsoever. It also contains a general denial except as admitted, qualified or otherwise denied.

A general denial puts in issue all the material allegations of the pleading or subdivision of the pleading to which it is directed, including allegations of value or amount. Dunnell, Minn. Dig. and Supps. § 7572. On a motion for judgment on the pleadings every reasonable intendment will be indulged in favor of the sufficiency of the pleading, and the motion will be denied if the pleading can be sustained by the most liberal construction. Dunnell, Minn. Dig. and Supps. § 7694, and cases cited thereunder. Although the answer probably admitted the existence of the mortgage, we think that, under the liberal rules to be applied in such cases, it must be

held as sufficient to put in issue the amount due and unpaid on the mortgage, and the claim that there had been a default in the conditions of the mortgage. The answer was not stricken out as sham and while it stands must be given full force and effect. The court made findings of fact and conclusions of law, but, where judgment is granted on the pleadings, it rests on the pleadings, and findings are improper and of no effect. State v. Barlow, 129 Minn. 181, 151 N. W. 970.

Judgment reversed.