### PATTIZ v. SEMPLE et al.

Circuit Court of Appeals, Seventh Circuit.
May 2, 1927.

Rehearing Denied May 26, 1927.

No. 3810.

Assignments ⬯27—Purchaser from mortgagor held entitled to resist foreclosure of purchase-money chattel mortgage for mortgagee's fraud, inducing mortgagor to purchase.

Purchasers of hotel chattels from mortgagor may set up, in reduction of chattel mortgage debt, fraud of mortgagee inducing mortgagor to purchase, where such purchasers in conveyance assumed that mortgage had been canceled, and relied on mortgagor's guaranty of title, since such purchaser may avail himself of any defense against mortgage which his grantor might himself have made.

Appeal from the District Court of the United States for the Eastern District of Illinois.

Suit by Max B. Pattiz against B. H. Semple and others. Decree for defendants (12 F.[2d] 276), and plaintiff appeals. Affirmed.

See, also, 7 F.(2d) 618.

Alexander Russell, of St. Louis, Mo., for appellant.

Harold F. Lindley, of Danville, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The briefs and arguments present questions not substantially different from such as were considered by Judge Lindley on deciding the case in the District Court. Pattiz v. Semple et al., 12 F.(2d) 276. To his opinion we refer for a statement of the facts.

Appellant's counsel have here much stressed the fact that appellees' grantor, Lewis, did not see, or attempt to see, the hotel books of account, which were admittedly altered shortly before the sale, to show greatly exaggerated income, and which were afterwards undertaken to be restored to their original condition. But Pattiz had given the altered figures to Perry, his broker, and these figures Perry used to induce Lewis to make the deal. The court could well conclude from the evidence that Lewis had the right to rely on the false figures which Pattiz thus indirectly gave him, and was not obliged to examine the books himself. Indeed, many a business man is unversed in book accounts. Those who can, from casual or even careful examination of account books, draw accurate conclusions therefrom, are doubtless in the minority. The reliance on the altered figures, and the consequent substantial damage, quite sufficiently appear from the evidence.

This leaves as the main question in the case whether appellees, who are Lewis' grantees, may set up this fraud upon Lewis in reduction of the chattel mortgage debt, to the extent of the damage arising from such fraud. Upon authorities such as Jones on Mortgages, §§ 744–746, Bennett v. Keehn, 67 Wis. 154, 29 N. W. 207, 30 N. W. 112, and Crispo v. Conboy, 153 Minn. 343, 190 N. W. 541, we resolve this question in appellees' favor. In the conveyance from Lewis to Cole, Cole, far from assuming or agreeing to pay the Pattiz mortgage, assumed that it had been canceled; and, as against it, he had Lewis' guaranty of title, whereon Lewis would be liable to the extent of any recovery thereunder. The authorities cited sufficiently indicate that Cole may avail himself of any defense against the mortgage which Lewis might have made.

We are satisfied that the cause was properly disposed of in the District Court, and its decree is affirmed.