## CARL M. LUNDBERG AND ANOTHER v. NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS AND ANOTHER, TRUSTEES OF TRUST CREATED BY WILL OF M. E. TEGELS.

216 N. W. 2d 121.

March 22, 1974—No. 44196.

*Parris Law Offices* and *Joseph W. Parris,* for appellants.

*Brecht, Hedeen & Hughes* and *William T. Hedeen,* for respondents.

Heard before Knutson, C. J., and Kelly, MacLaughlin, and Mulally, JJ., and considered and decided by the court.

MacLaughlin, Justice.

This is an appeal from the denial of plaintiffs' motion for a new trial and from the judgment for defendants. Plaintiffs, husband and wife, brought an action to enjoin the foreclosure of a real estate mortgage by defendants. The trial court temporarily enjoined the foreclosure, but after trial dissolved the temporary restraining order and ordered judgment for defendants. The issues are (a) whether defendants are entitled to recover interest on the principal sum of the mortgage when action on the note secured by the mortgage has been barred by the statute of limitations, and (b) whether defendants are, in any event, estopped from proceeding with the mortgage foreclosure at this time. We resolve the first issue in the affirmative, the second in the negative, and affirm the trial court.

On July 29, 1959, plaintiffs executed a promissory note payable upon demand to M. E. Tegels, now deceased, in the sum of $9,100, with interest at 6 percent per annum. On the same date, the note was secured by a second mortgage on certain real estate owned by plaintiffs in Windom, Minnesota. Plaintiffs have never paid any amount toward either the principal or the interest.

In late 1970, plaintiffs contacted the attorney for the trustees appointed under Mr. Tegels' will, defendants in this action, to determine the position of the trustees concerning the payment of the second mortgage. At the time, plaintiffs were contemplating the purchase of a residence near Windom and anticipated acquiring part of its purchase price by placing a third mortgage on the real estate involved in this case. The attorney told plaintiffs that he had no authority to make a commitment but would contact the trustees concerning plaintiffs' inquiry. On January 8, 1971, plaintiffs executed a third mortgage on the premises, and sometime in late 1970 or early 1971, they purchased the other residence. On January 14, 1971, the trustees' attorney wrote a letter to plaintiffs informing them that he had been authorized

to deliver the note, the second mortgage, and a satisfaction of the mortgage to plaintiffs on their payment of $9,100 "at any time that you have the money available and wish to pay it." In May 1971, the trustees' attorney sent a second letter to plaintiffs advising them that his offer to accept $9,100, without interest, in satisfaction of the mortgage would be effective only until September 1, 1971. There was no response from plaintiffs, and on September 16, 1971, the trustees' attorney wrote a third letter informing them that the mortgage principal of $9,100, plus interest of $6,601.36, had to be paid in full on or before October 17, 1971, or foreclosure proceedings would be commenced. Subsequently, a foreclosure proceeding was commenced by defendants which was restrained by an order of the trial court pending the outcome of the trial which resulted in this appeal. The parties agree that the statute of limitations had run on the promissory note prior to the commencement of the mortgage foreclosure proceedings.

■ Plaintiffs contend that defendants are not entitled to interest on the principal sum of a mortgage which was executed simultaneously with a promissory note when the remedy to enforce payment of the note is barred by the statute of limitations. They argue that the mortgage is valid only as to its principal amount, reasoning that it is an entity separate from the note and incapable of earning interest which is separately set forth in an unenforceable note.

The decisions of this court clearly establish that a mortgage and a note are separate and independent contracts, different in their nature and purpose. The note is a distinct instrument enforceable according to its terms and independently of the mortgage. On the other hand, the mortgage is an independent contract, though collateral to the instrument which it secures, and, as such, may be foreclosed even though an action on the note is barred. Johnson v. Howe, 176 Minn. 287, 223 N. W. 148 (1929); Welbon v. Webster, 89 Minn. 177, 94 N. W. 550 (1903); Conner v. Howe, 35 Minn. 518, 29 N. W. 314 (1886).

Plaintiffs assert that the mortgage itself does not contain an agreement to pay interest and that any discussion of interest in the mortgage is only by reference to the note. Defendants contend that the mortgage is enforceable by its terms as to both principal and interest and that the mortgage instrument standing alone provides for interest to accrue at the rate of 6 percent per annum. In our judgment, defendants are correct.

The mortgage in question provides in part as follows:

"Provided, Nevertheless, That if the said mortgagors, their heirs, administrators, executors or assigns, shall pay to the said mortgagee, his heirs or assigns, the sum of Nine Thousand One Hundred and No/100 DOLLARS, according to the terms of one principal promissory note of even date herewith due and payable, on demand with interest thereon at the rate of six per cent per annum executed by the said mortgagors and payable to the order of said mortgagee * * *.

"AND THE MORTGAGORS, for themselves, their heirs, administrators and executors, do hereby covenant and agree with the mortgagee, his heirs and assigns, to pay the principal sum of money and interest as above specified * * *."

We believe that this language is clear and that the intent is plain. We conclude from the mortgage instrument itself that the mortgagors covenanted to pay not only the principal sum stated in the mortgage but also the 6-percent interest recited in the mortgage agreement. While no Minnesota cases have dealt with this precise question, we agree with the Wisconsin Supreme Court, which stated in Bur v. Bong, 159 Wis. 498, 501, 150 N. W. 431, 432 (1915):

"The plaintiff's right to foreclose his mortgage, although the note secured by the mortgage is barred by the statute of limitation, has been well established by the decisions of this court. * * * The mortgagee under such circumstances is also entitled to recover interest on the principal sum if the note and mortgage provide for the payment of interest."

We hold that the mortgage by its terms earns interest on its principal sum at the rate of 6 percent per annum from the date of the mortgage to the date of its payment and that the interest is payable from the proceeds of the mortgage foreclosure, notwithstanding that the accompanying promissory note is unenforceable because of the statute of limitations.[1]

■ Plaintiffs claim defendants are estopped from foreclosing the mortgage at this time and from ever claiming any interest under the mortgage because of the January 14, 1971, letter stating that plaintiffs need pay only the principal amount of the mortgage and that it could be paid "at any time." Estoppel is an equitable doctrine which is intended to prevent a party from taking an unconscionable advantage of his own wrong while at the same time asserting his strict legal rights. The substance of estoppel is "the reasonable reliance by one party upon the representation of another which will injure the first party if that other is permitted to assert the existence of a state of facts at variance with those represented." Exsted v. Exsted, 202 Minn. 521, 526, 279 N. W. 554, 558 (1938).

In our judgment, plaintiffs have not sustained their burden of proving reasonable reliance upon any representations of defendants to plaintiffs' detriment. Apparently, the principal action taken by plaintiffs in reliance on the January 14, 1971, letter was the encumbering of the premises involved in this case with a third mortgage. However, that mortgage is dated January 8, 1971, some 6 days prior to the date of the letter from the attorney for the trustees. Further, the record does not support plaintiffs' contention that they were given the same assurances orally in December 1970 by the trustees' attorney. Inasmuch as plaintiffs have failed to prove the essential elements of estop-

---

[1] Of course, an action for a personal judgment against the mortgagors for any deficiency is barred because the statute of limitations has run on the note. Slingerland v. Howe, 46 Minn. 422, 49 N. W. 237 (1891).

pel, we hold that defendants are not estopped to foreclose the mortgage.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.