*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1071**

Boardwalk Bar & Grill, LLC,
Relator,

vs.

East Grand Forks City Council,
Respondent

**Filed April 11, 2016
Affirmed
Smith, John, Judge**[*]

East Grand Forks City Council
File No. 15-06-60

Jade M. Rosenfeldt, Drew J. Hushka, Vogel Law Firm, Moorhead, Minnesota (for relator)

Ronald I. Galstad, Galstad, Jensen & McCann, P.A., East Grand Forks, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Johnson, Judge; and Smith, John, Judge.

## UNPUBLISHED OPINION

**SMITH**, **JOHN,** Judge

We affirm Respondent East Grand Forks City Council's (city council) conditional renewal of Relator Boardwalk Bar & Grill, LLC's (Boardwalk LLC) liquor license because

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

the city code allows a conditional renewal and the provisions of the city code are not unconstitutionally vague.

## FACTS

In 1986, the City of East Grand Forks (city) created the East Grand Forks Economic Development Authority (EDA). The mission of the EDA was to create an environment that encouraged resident businesses to remain and grow, while also encouraging non-resident businesses to relocate to or expand in the city.

In June 1999, the city and Boardwalk Enterprises LLP (Boardwalk LLP) entered into the Parker Building Construction and Development Agreement (development agreement). At this time, David J. Parker was the managing partner of Boardwalk LLP. The development agreement required Boardwalk LLP to purchase Parcel No. 83.00816.00 (the property) from the city and construct a two-story building on the property. In exchange, the city agreed to loan Boardwalk LLP $510,000.

On October 22, 1999, the city transferred the property to Boardwalk LLP. That same day, the EDA agreed to loan Boardwalk LLP $510,000, with annual repayments of $30,000 commencing in October 2003. To secure its indebtedness to the EDA, Boardwalk LLP mortgaged the property to the city. In the mortgage agreement, Boardwalk LLP acknowledged that it was indebted to the city in the amount of $510,000.

On November 30, 2011, Boardwalk LLP approved a resolution allowing the EDA to perfect a mortgage on property owned by Boardwalk LLP, for a $100,000 loan made to Boardwalk Entertainment Group, LLC. Dan and Scott Stauss signed the resolution as owners of Boardwalk LLP.

2

On May 4, 2015, Boardwalk LLC applied to renew its liquor license with the city council. Dan Stauss, Scott Stauss, and Jane Moss own Boardwalk LLC. On May 22, 2015, the city's attorney wrote a letter stating that the city council could deny Boardwalk LLC's renewal application because Boardwalk LLP[1] had delinquent financial obligations owed to the city.

On June 2, 2015, the city council conditionally renewed Boardwalk LLC's liquor license pursuant to the following conditions:

> That the [c]ity renews the [l]iquor [l]icense . . . conditioned upon resolution within one (1) year by Boardwalk Enterprises, LLP with the [c]ity by either:
>
> 1. commencement of a legal proceeding by Boardwalk Enterprises, Inc.;
> 2. the parties' agreement to mutual mediation and resolution of the dispute;
> 3. arbitration of the issue; or
> 4. the parties negotiating a settlement of the amount of indebtedness all prior to the renewal date.
>
> If the obligation is not resolved within one (1) year, renewal of the license can be denied if the obligation still remains outstanding.

## D E C I S I O N

### *Ripeness*

Before addressing the merits of Boardwalk LLC's claims, we are obligated to address the assertion of the city council that Boardwalk LLC's case is not ripe for review. The ripeness doctrine "bars suits brought before a redressable injury exists." *State by*

---

[1] The letter referred to "Boardwalk Enterprises, Inc.," but considering the entire record and the parties' briefs, we conclude that the letter was intended to refer to Boardwalk LLP.

*Friends of Riverfront v. City of Minneapolis*, 751 N.W.2d 586, 592 (Minn. App. 2008), *review denied* (Minn. Sept. 23, 2008). Ripeness issues raise a question of justiciability, which this court reviews de novo. *Id.*; *see Leiendecker v. Asian Women United of Minn.*, 731 N.W.2d 836, 841 (Minn. App. 2007) (stating that "[r]ipeness is a justiciability doctrine"), *review denied* (Minn. Aug. 7, 2007). "To establish the existence of a justiciable controversy, the litigant must show a *direct and imminent injury*." *Leiendecker*, 731 N.W.2d at 841 (emphasis added) (quotation omitted). Hypothetical issues that "have no existence other than in the realm of future possibility" are not justiciable. *Lee v. Delmont*, 228 Minn. 101, 110, 36 N.W.2d 530, 537 (1949).

The city council argues that this case is not ripe for review because Boardwalk LLC's license was renewed and the possibility of any injury is hypothetical. This court previously considered a challenge to the imposition of conditions on a business's liquor license. *See In re On-Sale Liquor License, Class B.*, 763 N.W.2d 359, 365–66 (Minn. App. 2009). In *Class B.*, the city council renewed a liquor license without conditions for Gabby's Saloon and Eatery. *Id.* at 362. The city council subsequently adopted multiple conditions. *Id.* at 365. On appeal, this court held that "the city exceeded its express and implied legal authority by imposing conditions on Gabby's' . . . liquor license." *Id.* at 372.

Here, Boardwalk LLC has not lost its license for failing to comply with the renewal conditions. But, just like in *Class B.*, this court may consider Boardwalk LLC's claim that the city council exceeded its express or implied legal authority. *See id.* (holding that the city's imposition of conditions on a liquor license denied due process even though the

4

license was not yet revoked). Therefore, the city council's argument that Boardwalk LLC's claims are not ripe for review fails.

*Conditional renewal*

Boardwalk LLC asserts that the city ordinance regarding restrictions on liquor licenses does not provide grounds to conditionally renew its liquor license. *See* East Grand Forks, Minn., Code of Ordinances (EGFCO) § 117.03(B) (2010). A city council has "broad discretion" when determining whether to renew a liquor license, and this court's scope of review "is a narrow one, which should be exercised most cautiously." *See Wajda v. City of Minneapolis*, 310 Minn. 339, 343, 246 N.W.2d 455, 457 (1976). This court may modify or reverse a city council's decision "if the city violated constitutional provisions, exceeded its statutory authority, made its decision based on unlawful procedure, acted arbitrarily or capriciously, made an error of law, or lacked substantial evidence in view of the entire record submitted." *Montella v. City of Ottertail*, 633 N.W.2d 86, 88 (Minn. App. 2001). The interpretation and application of a city ordinance, however, is a question of law that this court reviews de novo. *Cannon v. Minneapolis Police Dep't*, 783 N.W.2d 182, 192 (Minn. App. 2010).

Boardwalk LLC first asserts that the city council could not conditionally renew its liquor license because it is not an applicant that owes a debt to the city. We are not persuaded. The ordinance provides:

> No license under this chapter shall be granted for operation on any premises upon which taxes, assessments, or installments thereof, or other financial claims of the city are owed by the applicant and are delinquent and unpaid. For the

5

purpose of this section ***APPLICANT*** includes persons, and related persons:

(1) Owning at least a 50% beneficial interest in the proposed license or in the entity making the application; and

(2) At least an undivided 1/2 interest in the premises proposed to be licensed or at least a 50% beneficial interest in the entity owning the premises.

EGFCO § 117.03(B).

The municipal code broadly defines "person" as "an individual, person, persons, firm, corporation, copartnership, trustee, lessee, or receiver." EGFCO § 10.05(B) (2010). The code does not define "related." But "related" has been defined to mean "[b]eing connected; associated." *The American Heritage Dictionary* 1523 (3d ed. 1992).

Here, Dan and Scott Stauss are partners of Boardwalk LLP and they collectively own a majority share of Boardwalk LLC. Thus, Boardwalk LLP qualifies as a "related person." Additionally, "Whenever used in any clause prescribing and imposing a penalty, the term[] ***Person*** . . . as applied to any unincorporated entity shall mean the partners or members thereof . . . ." EGFCO § 10.05(B). Dan and Scott Stauss are partners of Boardwalk LLP, they own at least a 50% beneficial interest in the entity making the liquor license application, and they also own an undivided half interest in the premises proposed to be licensed. Therefore, based on the broad language contained in the municipal code and the similarity in ownership, Boardwalk LLP falls within the definition of an "applicant" that owes a debt to the city.

Boardwalk LLC also asserts that EGFCO § 117.03(B) does not apply because the debt is owed to the EDA, not to the city. Boardwalk LLC supports its claim by asserting

6

that the October 1999 promissory note requires Boardwalk LLP to repay the EDA. We are not persuaded. Boardwalk LLP signed the development agreement in June 1999 and a mortgage agreement in October 1999, stating that it is indebted to the city in the amount of $510,000. A "mortgage is an independent contract, though collateral to the instrument which it secures, and . . . [it] may be foreclosed even though an action on [a] note is barred." *Lundberg v. Nw. Nat'l Bank of Minneapolis*, 299 Minn. 46, 48, 216 N.W.2d 121, 123 (1974). Moreover, the terms "city" and "EDA" have been interpreted to represent a single entity to avoid inconsistent results when the terms have been used interchangeably. *See Eagan Econ. Dev. Auth. v. U-Haul Co. of Minn.*, 787 N.W.2d 523, 535–36 (Minn. 2010). Therefore, Boardwalk LLP is indebted to the city.

Finally, Boardwalk LLC argues that the record does not contain evidence of delinquent financial obligations. "City council action is quasi-judicial and subject to certiorari review if it is the product or result of discretionary investigation, consideration, and evaluation of evidentiary facts." *Staeheli v. City of St. Paul*, 732 N.W.2d 298, 303 (Minn. App. 2007) (quotation omitted). "[This court] will not retry facts or make credibility determinations, and [it] will uphold the decision if the lower tribunal furnished any legal and substantial basis for the action taken." *Id.* at 303–04 (quotation omitted). Substantial evidence includes: "(1) such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[,] (2) more than a scintilla of evidence[,] (3) more than some evidence[,] (4) more than any evidence[,] or (5) the evidence considered in its entirety." *Cannon*, 783 N.W.2d at 189.

Here, the record contains sufficient evidence of a delinquent financial obligation. First, in June 1999, Boardwalk LLP and the city entered into an agreement whereby Boardwalk LLP agreed to repay the city $510,000. Second, in a promissory note dated October 22, 1999, Boardwalk LLP agreed to pay the EDA $510,000. Third, on October 22, 1999, Boardwalk LLP signed a mortgage and agreed that it owed the city $510,000, as evidenced by the promissory note. Fourth, Dan Stauss and Jane Moss signed two agreements stating that they met with the city twice in July 2014 to discuss the settlement of various disputes between Boardwalk LLP and the city. Fifth, at a city council meeting in May 2015, a city council member stated that the debt owed to the city was "significantly higher" than $2,600. Finally, at a city council meeting in June 2015, there were numerous discussions that referenced a debt between Boardwalk LLP and the city. Therefore, the record contains sufficient evidence of a delinquent financial obligation.

*Void for vagueness*

Boardwalk LLC asserts an as-applied challenge to EGFCO § 117.03(D) (2010), stating that it is vague and violates due process. We disagree. "The constitutionality of an ordinance is a question of law which this court reviews de novo." *Hard Times Cafe, Inc. v. City of Minneapolis*, 625 N.W.2d 165, 171 (Minn. App. 2001) (quotation omitted). City ordinances "are presumed constitutional, and the burden of proving that they are unconstitutional is on the [party challenging the ordinance]." *Minn. Voters All. v. City of Minneapolis*, 766 N.W.2d 683, 688 (Minn. 2009). "Courts should exercise extreme caution before declaring a[n] [ordinance] void for vagueness." *Hard Times Cafe*, 625 N.W.2d at 171.

8

The due-process clause of the fourteenth amendment prohibits vague statutes and, thus, ordinances. *Id.* "A[n] [ordinance] is void due to vagueness if it defines an act in a manner that encourages arbitrary and discriminatory enforcement, or the law is so indefinite that people must guess at its meaning." *Id.* (quotation omitted). Using general language in an ordinance does not make it vague. *Id.* "An entity challenging the constitutionality of a[n] [ordinance] on vagueness grounds must show the ordinance lacks specificity as to its own behavior rather than some hypothetical situation." *Id.* at 172 (quotation omitted).

EGFCO § 117.03(D) (2010) states: "Notwithstanding any provision of law to the contrary, the [c]ouncil may, upon a finding of the necessity therefor, place special conditions and restrictions, in addition to those stated in this chapter, upon any license as it, in its discretion, may deem reasonable and justified."

Here, the city council could have denied Boardwalk LLC's application because it was in violation of EGFCO § 117.03(B). Instead of denying Boardwalk LLC's liquor license, the city council agreed to a conditional renewal. Because it was in violation of EGFCO § 117.03(B), Boardwalk LLC did not have to "guess" that its license could be subject to revocation or conditional renewal. *See Hard Times Cafe*, 625 N.W.2d at 172 (stating that an ordinance was not unconstitutionally vague when the license holder had an association with illegal activity). Therefore, EGFCO § 117.03(D) does not violate Boardwalk LLC's due-process rights.

**Affirmed.**