## State of Wisconsin vs. Louis E. Torinus & others.

### November 18, 1875.

**Complaint—Plaintiff's Capacity to Sue.**—A demurrer will not lie to a complaint
on the ground that it appears from it that the plaintiff has not legal
capacity to sue, unless the want of legal capacity appears affirmatively from
the complaint.

**Same—Endorsement of Note.**—An allegation in a complaint on a note that the
note was duly endorsed and transferred to plaintiff, and that it is the owner
and holder of the note, shows sufficiently that the plaintiff has capacity—
i. e., authority—to take and hold the note.

Appeal by defendants from an order of the district court

for Washington county, *Crosby,* J., presiding, striking out, as frivolous, a demurrer to the complaint.

*McCluer & Marsh,* for appellants.

*Davis, O'Brien & Wilson,* for respondent.

GILFILLAN, C. J. Appeal from an order striking out a demurrer to the complaint. The complaint does not (except in the title) describe the plaintiff's character. It alleges the making by defendants, and delivery to one Harriman, of a promissory note, and " that the said note, before maturity, was, for a valuable consideration, duly endorsed, transferred and delivered to this plaintiff, who is now the owner and holder thereof." The demurrer was on the ground that the complaint does not state facts sufficient to constitute a cause of action, and that it appears from it that plaintiff has not legal capacity to sue.

In support of the latter ground it is claimed that the complaint should have alleged the corporate character of the plaintiff, as that it is a sovereign state. To make the pleading open to demurrer on that ground, the want of legal capacity must appear from it affirmatively. If it do not, such want of capacity can be taken advantage of only by answer. Gen. St. ch. 66, § 74; *Powers* v. *Ames,* 9 Minn. 178; *Bank of Havana* v. *Magee,* 20 N. Y. 355; *Phœnix Bank* v. *Donnell,* 40 N. Y. 410.

On the first ground of the demurrer it is claimed that the complaint does not show that the plaintiff had legal capacity—*i. e.,* authority—to take and hold the note. The capacity or authority is included in the allegation that the note was duly endorsed and transferred to it, and that it is the owner and holder of it, which could not be true in the absence of such capacity or authority. It was only necessary to plead the due transfer of the note and the plaintiff's ownership, and then, if denied, to prove all that might be necessary to establish those facts. It is so clear that there is no ground of demurrer that it must be regarded as frivolous, and the order striking it out as such is affirmed.