## MINNEAPOLIS HARVESTER WORKS *vs.* ALLEN D. LIBBY.

### December 27, 1877.

**Demurrer to Complaint—Want of Legal Capacity to Sue must Affirmatively Appear.**—To sustain a demurrer upon the ground that it appears upon the face of the complaint "that the plaintiff has not legal capacity to sue," it is not enough that it *does not appear* that the plaintiff *has* legal capacity to sue, but the want of such legal capacity must appear affirmatively.

**Action for Instalment of Stock—Complaint must Show Authority of Corporation.**—The complaint in this case states that the M. H. Co. is a corporation organized under the general laws of this state; that after its organization defendant made, signed, and delivered to it an agreement in writing, whereby he agreed to take ten shares of its capital stock, and to pay $500 for the same, in four equal instalments, and that the M. H. Co., for value, transferred the agreement to plaintiff, and that by the terms of the same the first three instalments have become due and payable, and demands judgment for the same. *Held*, that the complaint is insufficient, because it does not show that the M. H. Co. is authorized to have a capital stock or to take subscriptions to the same.

**Same—Transfer of Subscription—Complaint must Show Transfer of Obligation to Deliver Stock.**—*Held*, that it is further insufficient in failing to allege that the M. H. Co. transferred its obligation to deliver the stock, as well as the defendant's agreement to pay for the same.

**Same—Complaint need not Allege Tender of Stock.**—*Held, further*, that the complaint is not insufficient for not alleging the issuance and delivery or tender of the shares and stock mentioned.

Appeal by defendant from an order of the district court for Hennepin county, *Young*, J., presiding, overruling a demurrer to the complaint.

*Robert S. Bryant*, for appellant.

*Lowry & Wilson*, for respondent.

BERRY, J. The complaint in this action is as follows, viz.: "*The Minneapolis Harvester Works* v. *Allen D. Libby.*

"The plaintiff in the above entitled action complains and alleges:

"*First.* That the plaintiff now is a corporation duly formed and organized under the general laws of the state of Minne-

sota, and is doing business as such in the county of Hennepin, in said state.

"*Second.* That ever since on or about the thirtieth day of April, A. D. 1873, the Minneapolis Harvester Company has been and now is a corporation duly formed and organized under the general laws of the state of Minnesota, and now is doing business in the county of Hennepin, in said state.

"*Third.* That the plaintiff is informed and believes, and avers, the defendant, after the organization and formation of the said Minneapolis Harvester Company, became a subscriber to the capital stock thereof, and on or about the first day of June, 1873, the defendant signed and delivered to said company an agreement in writing whereby the defendant agreed to take ten shares of the capital stock of the said Minneapolis Harvester Company, the shares of said stock being $50 each, and to pay for said shares the sum of $500, in four equal annual instalments; the first instalment to be paid on the twentieth day of June, A. D. 1874.

"*Fourth.* The said plaintiff further avers that, after the making and delivery of the said agreement by the said defendant to the said company as aforesaid, the said Minneapolis Harvester Company, for a valuable consideration to them paid, duly assigned and transferred the said agreement for stock to the plaintiff, and the plaintiff is now the owner thereof.

"*Fifth.* That by the terms of the said agreement there is now due to the plaintiff thereon the sum of $375; and that no part thereof has been paid, although the same, since it became due and payable, has been duly demanded by the plaintiff of the defendant."

A judgment is demanded for the same.

The defendant demurs—*First,* because it appears upon the face of the complaint that the plaintiff has not legal capacity to sue. This is the proper statutory ground, but all the consideration which defendant urges in its support goes upon the ground that it *does not appear* upon the face of the complaint that the plaintiff has legal capacity to sue. This will not do,

because it is not the statutory ground by which the *want* or legal capacity is required to appear *affirmatively.* *Reynolds* v. *La Crosse Packet Company*, 10 Minn. 144, (178;) *State of Wisconsin* v. *Torinus*, 22 Minn. 272.

The second ground of demurrer, viz., that the complaint does not state facts sufficient to constitute a cause of action, is well taken. The Minneapolis Harvester Company is alleged to be a corporation, *i. e.*, an artificial being. As an artificial being its powers must be made to appear. They are not matter of presumption. Yet there is nothing in the complaint to show what kind of corporation it is; nor is it specifically alleged that it is authorized to have a capital stock or to take subscription to the same. The complaint, therefore, fails to show that the defendant's alleged subscription was of any avail, either as giving him any right against the company, or as furnishing any consideration for his alleged promise to pay, or that the company was in any way bound or able to let him have the stock subscribed for. The complaint, therefore, fails to show any valid contract between the harvester company and the defendant, and therefore also fails to state any cause of action against him.

The fourth paragraph of the complaint is also clearly insufficient. It seems to allege that the harvester company transferred the defendant's agreement to pay for stock without transferring its obligation, if any, to deliver the stock. It is plain that the alleged transaction between it and the defendant could not be split up in this way.

The complaint is open to criticism in many other respects, but those to which we have adverted are perhaps the most important.

The point that the complaint is insufficient because it does not aver issuance and delivery or tender of the shares of stock mentioned is not well taken. If the action were brought to recover the full price of the shares, or the whole, or so much of the price as remained unpaid, such averments would, we think, be necessary, upon the principle of the case of *St. P.,*

*S. & T. F. R. Co.* v. *Robbins,* 23 Minn. 439. The obligation to issue and deliver the stock would probably be regarded as concurrent with the obligation to make full payment therefor, but the present action is brought to recover, not the full price or so much thereof as is unpaid, but three-fourths of such price only—the remaining fourth not having fallen due. The defendant, then, was not entitled to his stock upon the payment of the amount sued for, and it was, therefore, not the duty of the plaintiff or its assignor to issue and deliver or tender it to him.

For the reasons before given, however, the demurrer should have been sustained, and the order overruling the same is accordingly reversed.