JOHN W. CHASE et al. vs. WALTER S. WHITTEN.

Submitted on briefs Nov. 4, 1892. Decided Dec. 5, 1892.

**Increase of Interest after Maturity of the Debt.**

By Laws 1887, ch. 66, a provision in any contract, note, or instrument thereafter made, for an increased rate of interest after maturity, works a forfeiture of the entire interest on the same.

**Same—Makes the Contract Usurious as to Interest.**

The effect of this provision is to make such contracts usurious upon their face to the extent of the interest therein reserved.

**Same—Foreclosure of Mortgage Securing it.**

The collection of the interest in such case, upon default in its payment, cannot be enforced by the foreclosure of a mortgage given to secure the performance of such contract.

Appeal by defendant, Walter S. Whitten, from a judgment of the District Court of Hennepin County, *Smith*, J., entered September 10, 1892.

On September 22, 1890, the plaintiffs John W. Chase and Emma M. Chase, his wife, made and delivered to the New York Mortgage Loan Company their promissory note whereby they promised to pay to that corporation or order, on September 22, 1895, $1,925, with interest at the rate of seven per cent. per annum, payable semiannually at its office in Minneapolis, with current rate of exchange on New York City. The note further provided that if interest be not paid when due the principal shall become due and payable at once at the option of the holder, and shall bear interest at the rate of ten per cent. per annum after maturity.

To secure the payment of this note the plaintiffs at the same time executed and delivered to the corporation a mortgage upon a lot in Minneapolis, which mortgage contained a power of sale, on default in payment of the money or interest or any part thereof, and provided that if default should be made in any payment of interest, the whole sum secured should be at once due, at the option of the owner.

On May 2?, 1891, the corporation assigned the note and mortgage to the defendant. The mortgage and assignment were both duly recorded. No interest was ever paid. On August 13, 1891, the defendant elected to treat the debt as due for nonpayment of interest, and foreclosed the mortgage by advertisement under the power therein. At the sale he bid in the property for $2,139.91, and received the sheriff's certificate of sale, and caused it to be recorded. Thereupon plaintiffs brought this action to set aside the foreclosure, on the ground that under Laws 1887, ch. 66, the debt bore no interest and none was past due, and that the contingency had not occurred on which defendant could exercise his option to declare the debt due. The plaintiffs had judgment in the trial court and the defendant appeals.

*Charles W. Purple*, for appellant.

*Charles E. Conant*, for respondents.

VANDERBURGH, J. Laws 1879, ch. 66, relating to interest, is amended by Laws 1887, ch. 66, by adding a provision "that all contracts hereafter made shall bear the same rate of interest after they become due as before, and any provision in any contract, note, or instrument providing for an increase of the rate of interest upon maturity, or any increase therein after the making and delivery thereof, shall work a forfeiture of the entire interest thereon."

The effect of this provision is to make such contracts usurious upon their face, as respects all interest reserved thereby.

The collection of the interest in such cases cannot be enforced by suit or the foreclosure of a mortgage, upon default in the payment of an installment of interest agreed to be paid in such usurious instrument. The maker is not in default by his neglect or refusal to pay the same, and a foreclosure by advertisement, therefore, is without legal warrant and void. *Jordan* v. *Humphrey*, 31 Minn. 495, (18 N. W. Rep. 450.)

The note in controversy here contains a provision for an increased rate of interest after maturity, and is so far in violation of the statute referred to. The mortgage given to secure the same contains a provision authorizing the mortgagee or his assigns to foreclose upon default in the payment of the interest, and at his or their option to declare the principal sum due in case of such default. But there is no basis for declaring a default for the nonpayment of usurious interest, and the aid of the statute providing for foreclosure cannot be invoked in such case. The foreclosure in this case cannot, therefore, be upheld, and since the note on its face carried to the defendant, who is the assignee of the note and mortgage, the notice of the illegal reservation of interest, he is not protected as a *bona fide* purchaser.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 767.)