DULUTH CLUB v. CHARLES F. MACDONALD.

November 15, 1898.

Nos. 11,455—(37).

**Corporation—Assessment of Member of Social Club.**
A corporation has not the power, as incident to it, to assess for its own use a sum of money on the corporators, and compel them, by an action at law, to pay it. Such power must be derived from the statute or some other express promise to pay it.

Appeal by plaintiff from an order of the municipal court of Duluth, Edson, J., sustaining a demurrer to the complaint. Affirmed.

*Howard T. Abbott*, for appellant.
*McGiffert & Hunter*, for respondent.

BUCK, J.

This action is brought to enforce and collect two assessments levied against the defendant as a member of the Duluth Club, a corporation created and organized under and by virtue of the laws

of this state. The club was organized for social purposes, and in its articles of incorporation the purpose is specified as follows:

"The name of this corporation shall be the Duluth Club, and the general object and business of said corporation shall be to promote social intercourse among its members, and to provide for them the convenience of a club house."

After the club was organized it purchased a building, obtained a ground lease, and, in order to make the building suitable for a club house and furnish the same, it incurred the debts for which the two assessments above referred to were made and levied. Each member had an equal interest in the club house and its furnishings. No stock was provided for, or issued by, the corporation, and in 1895 it became insolvent, and unable to pay its debts from the dues received from its members, and, in order to pay off its outstanding obligations, a meeting was called for the purpose set forth in the complaint, and at said meeting, held October 15, 1895, each member was, by a unanimous vote of said club, assessed $10, half thereof payable November 1, 1895, and the other half December 1, 1895; provided, however, that any member furnishing a new member to the corporation previous to January, 1896, should be deemed to have paid said assessment. Subsequently, on February 3, 1896, the club had a meeting, and voted to go into voluntary liquidation, and authorized the directors to dispose of the effects of the club, and, if the consideration received was insufficient to pay its debts, the directors were further authorized to make such further assessment on the members pro rata as should be necessary to pay the debts of said club. The effects of said club were accordingly disposed of, but another assessment was necessary to pay said debts, and accordingly the directors, on January 14, 1897, passed a resolution as follows, viz.: "That an assessment of $25 be levied upon each member of said corporation, payable January 26, 1897," and authorized suit to be commenced against each member in case of his default to pay said assessment, said assessment being necessary by reason of the existing indebtedness of said club. Defendant paid no part of the assessment, and suit was brought against him to recover the said assessment, amounting

to $35. The complaint was demurred to, the demurrer sustained, and plaintiff brings this appeal.

We are of the opinion that the demurrer was well taken, and the order sustaining it should be affirmed. There is nothing in the complaint to show what kind of a corporation it is, except that it was organized as a social club. There was no stock, no shareholders, and it does not appear that it was authorized to have any capital stock. It did not have a constitution, by-laws, or any articles providing that any member might be assessed for debts of the corporation, and we find no statute authorizing such assessment as that sued upon in this action. The defendant did not contract to pay any such assessment, and the debts were contracted with the corporation, not with defendant. The creditors are not seeking to enforce a liability against defendant, but it is the corporation bringing suit against one of its own members, who is not even a stockholder in the insolvent concern. Of course, the extent of his liability is measured by the extent of the obligation he enters into.

"Very clearly, a corporation has not power, as incident to it, to assess for its own use a sum of money on the corporators, and compel them, by action at law, to the payment of it. The power must be derived from an express promise or from statute." Angell & A. Corp. (11th Ed.) § 544, and cases there cited.

See also Minneapolis Harvester Works v. Libby, 24 Minn. 327. The resolutions of the plaintiff to levy the assessments against the defendant, not being within the powers of the corporation, were illegal, and hence are of no effect.

Order affirmed.