K. O. SLETTE and Another v. B. B. LARSON and Others.[1]

April 24, 1914.

Nos. 18,444—(32).

**State bank—authority of directors — assessment upon stockholders.**
    1. The directors of a state bank have no inherent authority to make an

1 Reported in 126 N. W. 1093.

assessment upon the capital stock to make up a deficiency arising from the impairment of the capital; and such an assessment can be made only under a direction of the bank examiner as authorized by R. L. 1905, § 3000 (G. S. 1913, § 6365).

**Same — bank examiner's action.**

2. Upon the evidence it is *held* that the action of the bank examiner amounted, at the time this action to enjoin the enforcement of an assessment was commenced, to an informal but sufficient direction that the amount of a prior irregular assessment be collected and applied to restore the depleted capital.

Action in the district court for Clay county to annul an assessment made by defendants as directors of the State Bank of Halstad, Minnesota, and restrain them from selling the stock of plaintiff in that bank. The case was tried before Taylor, J., who made findings and ordered that the action be dismissed. Plaintiffs' motion for amended findings was denied. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*Christian G. Dosland,* for appellants.

*A. O. Ueland* and *F. H. Peterson,* for respondents.

DIBELL, C.

Action to enjoin the defendants from enforcing an assessment upon the stock of the plaintiffs in the State Bank of Halstad. Findings for the defendants. Plaintiffs appeal from the order denying their motion for a new trial.

1. On September 30, 1907, the defendants, constituting the board of directors of the State Bank of Halstad, levied an assessment of 90 per cent. upon its capital stock. The bank had a capital stock of $20,000 and carried a surplus of $5,000. Its capital had become impaired.

The directors had no authority, except by direction of the bank examiner, to make an assessment. "A corporation cannot levy an assessment upon the holders of full-paid stock * * * unless the power to do so is conferred by the charter or articles of association or a valid statute, or by consent of the stockholders or members." 2 Clark & Marshall, Corp. § 402. And see 1 Cook, Corp. (7th ed.) § 241.

The only authority for making an assessment is found in R. L. 1905, § 3000 (G. S. 1913, § 6365). The statute cited provides that when the capital stock of a bank has become impaired it shall, within 90 days after receiving notice from the public examiner, make up the deficiency by a *pro rata* assessment, or go into liquidation. Section 3002, R. L. 1905 (G. S. 1913, § 6367), provides for the sale at public auction of the stock of a delinquent stockholder after published notice. The assessment made by the board of directors, of its own motion, was not a valid or enforceable one. The direction of the bank examiner was essential.

2. The assessment, however, was necessary. Soon after it was made the condition of the bank was the subject of investigation by the bank examiner. Considerable correspondence followed. At least as early as in December, 1907, there was in effect a direction by the bank examiner, though not in the way of a formal order, that the assessment of 90 per cent be collected and used to make up the deficiency in the capital. It was the understanding that 90 per cent of the capital stock must be paid in in money. In January, 1908, the directors gave notice of the sale of the stock of the plaintiffs to pay the assessment, and after the notice and on January 28, 1908, this action was commenced.

The purpose of the assessment authorized by the statute is explained in Northwestern Trust Co. v. Bradbury, 117 Minn. 83, 134 N. W. 513, Ann. Cas. 1913D, 69; and we are constrained to hold that the directors should not be restrained from enforcing an assessment, concededly necessary, when at the time it had the sanction of the bank examiner, and when it was understood that it should be collected and applied.

There is a suggestion that the assessment should not be sustained because of misconduct in the management of the bank. The purpose of an assessment is to make a bank safe and promote proper banking. It is not of consequence how the capital became depleted. In 1904, 1905 and 1906 dividends aggregating 120 per cent were paid. The bank held a large amount of paper of irresponsible makers indorsed without recourse by payees interested in the bank. There is considerable force in the suggestion that certain paper transferred to the

bank shortly before the assessment belonged to certain stockholders if good and to the bank if bad. If all this be true, it does not avail a stockholder seeking to avoid an assessment.

Order affirmed.