## STATE ex rel. WILLIAM F. LOWE v. GEORGE H. BARLOW and Others.[1]

March 19, 1915.

Nos. 19,246—(312).

**Home rule charter — submission to mayor.**

1. In determining the date from which to compute the six months within which a proposed home rule charter shall be submitted to the mayor under Const. art. 4, § 36, a date earlier than the date of the appointment of the last member of the charter commission will not be taken.

**Refusal to submit to electors — writ of mandamus.**

2. When a common council refuses to call an election for the submission of a charter duly returned by the charter commission, upon the ground that it should have been submitted at a state election occurring after its return to the mayor, at which election the council did not submit it, it will be compelled by *mandamus*, there being no laches, to call an election within the time fixed by G. S. 1913, § 1348, regardless of whether the intervening election was one at which the charter might properly be submitted.

**Judgment on pleadings — mandamus.**

3. On a motion for judgment on the pleadings findings are not proper. In *mandamus* the pleadings are the writ and the return. When the motion is by the relator for judgment on the pleadings, the court looks to the allegations of the writ admitted by the return and the allegations of new matter in the return.

Upon the relation of William F. Lowe the district court for Polk county granted an alternative writ of *mandamus,* directed to the aldermen, mayor and city clerk of the city of East Grand Forks, commanding them to cause to be submitted to the voters

[1] Reported in 151 N. W. 970.

of that city the proposed home rule charter of the city or show cause why they had not done so.   Defendants' motion to quash the writ was denied and their demurrer thereto was overruled, Watts, J. Relator's motion for a peremptory writ in his favor on the petition and the return was granted.   From the judgment entered pursuant to the order for judgment, respondents appealed.   Affirmed.

*F. C. Massee, H. A. Bronson* and *W. J. Rasmussen,* for appellants.
*Charles Loring* and *G. A. Youngquist,* for respondent.

DIBELL, C.

An alternative writ of *mandamus* was issued commanding the respondents to call an election to vote upon a proposed home rule charter for the city of East Grand Forks.   The respondents made a return to the writ.   The court ordered judgment on the pleadings directing the issuance of a peremptory writ.   This appeal is from the judgment entered pursuant to the order.

1. The respondents claim that the charter was not returned to the mayor within the time prescribed by the Constitution.

On March 21, 1914, the judges of the appropriate district appointed a board of 15 freeholders to frame a charter for the city of East Grand Forks.   One did not accept.   On April 24, 1914, the judges appointed another in his place.   On April 30, 1914, all qualified.

On October 5, 1914, a proposed charter was submitted to the mayor by the board.   The Constitution, art. 4, § 36, provides that the board shall, "within six months after its appointment, return to the chief magistrate of the said city or village a draft of said charter, signed by the members of said board, or a majority thereof." If March 21, 1914, is taken as the date from which to compute the period of six months, the charter was not returned within the period fixed by the Constitution.   If April 24, 1914, is taken as the date, it was returned within such period.

For the purpose of determining the date from which to reckon the six months' period, under circumstances such as here stated, a date earlier than the date of the appointment of the last member,

April 24, 1914, should not be taken. The proposed charter was returned in time. We construe the constitutional provision as to the return of the charter no further.

2. The respondents claim that the charter should have been submitted at the November 3, 1914, election and that it cannot now be submitted at all.

The Constitution provides that the charter "shall be submitted to the qualified voters of such city or village at the next election thereafter." The statute (R. L. 1905, § 754) as amended by Laws 1909, p. 246, c. 214, § 1 (G. S. 1913, § 1348), provides that the governing body "shall cause the proposed charter to be submitted at the next general election thereafter occurring in said city or village within six months after the delivery of such draft, and, if there is no general city or village election occurring in said city or village within six months after the delivery of such draft, then the council or other governing body of said city or village shall cause the proposed charter to be submitted at a special election to be held within ninety days after the delivery of such draft as aforesaid. Provided, that said council or other governing body may call a special election for that purpose only at any time."

The common council does not intend calling an election and submitting the charter unless required to do so. Whether the council should call a special election involves no question of difficulty. Regular proceedings were had resulting in the framing of a charter pursuant to the authorization of the Constitution. That charter should go before the people for ratification or rejection. If the council should have submitted it at the November 3, 1914, election, it should submit it now, having failed to submit it then. If it could not have been submitted legally then it can be submitted legally now. There is no question but that a charter may be submitted at a special election. State v. Kiewel, 86 Minn. 136, 90 N. W. 160. It is quite unnecessary to determine whether the election referred to in the Constitution is a general state election.

There might of course be so much delay in requiring action by the public officials that a remedy by *mandamus* would be refused. This is not such a case.

3. The facts upon which we decide the appeal, a motion for judgment on the pleadings having been made by the relator, and it having been granted, are those stated in the alternative writ and admitted by the return and the allegations of new matter in the return. The writ and the return are the pleadings in *mandamus*. G. S. 1913, § 8273; R. L. 1905, § 4563. In the record are findings of fact and conclusions of law. They are improperly there. When a motion for judgment on the pleadings is granted there are no findings. The court looks to the pleadings.

Judgment affirmed.