## JOHN DEVNEY v. HARRIET STATE BANK OF MINNEAPOLIS.[1]

### April 16, 1920.

### No. 21,680.

**State bank — assessment on stockholders by directors void.**

Where the capital of a state bank becomes impaired, the power to elect whether the bank shall go into liquidation or make up the deficiency

[1] Reported in 177 N. W. 460.

by levying an assessment on its capital stock rests with the stockholders, and such an assessment, levied by the board of directors, is void for lack of power to make it.

Action in the district court for Hennepin county to recover $1,800, the value of certain shares of stock converted. The answer alleged that on August 30, 1915, the stock was of no greater value than $1,050. The case was tried before Leary, J., who denied defendant's motion for a directed verdict, and directed a verdict in favor of plaintiff for the value of the stock on August 30, 1915, as found by the jury. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*McDowell & Fosseen,* for appellant.

*Robert M. Works* and *Harold W. Cox,* for respondent.

TAYLOR, C.

The superintendent of banks, having found that the Harriet State Bank held a considerable amount of worthless paper, notified its president and board of directors to make an assessment of 40 per centum on its capital stock to make up the deficiency. The board of directors adopted a motion levying the assessment, but the matter was never presented to or passed upon by the stockholders. O. W. Miller, who held 15 shares of the capital stock, failed to pay his assessment, and for the purpose of enforcing such payment his stock was sold by the bank at public auction in the manner provided by statute. Thereafter all the rights of Miller were transferred to plaintiff, who brought this action in conversion to recover the value of the stock. At the trial the court held that the assessment was void, for the reason that such an assessment could be made only by the stockholders, and directed the jury to return a verdict for plaintiff for the value of the stock at the time of the sale. Defendant moved for a new trial and appealed from an order denying the motion.

The question presented is whether the power to make such an assessment is vested in the directors or only in the stockholders.

In Commercial Nat. Bank v. Weinhard, 192 U. S. 243, 24 Sup. Ct. 253, 48 L. ed. 425, the Supreme Court of the United States held that such an assessment on the stock of a national bank could be

made only by the stockholders, and that the assessment there involved, made by the board of directors, was void, because the directors had no power to make it. In support of their conclusion the court said, in substance, among other things, that the law gave the bank the option to levy the assessment or go into voluntary liquidation; that the stockholders by their contracts of subscription agreed to pay the amount of their stock into the bank and to become liable for its debts in an additional amount equal to the par value of their stock, but did not agree to pay assessments at the will of the directors for the purpose of enabling a possibly losing concern to continue in business; that the payment of such an assessment did not relieve the stockholders from their additional statutory liability for the debts of the bank, and a new obligation to put more capital into the bank ought not to be imposed on them without their consent; that, while the directors were authorized to conduct the usual and ordinary business of the bank, determining whether the bank should levy such an assessment or go into liquidation was an extraordinary matter which ought to be decided by its owners instead of its managers, especially as no power to take such extraordinary action was found among the powers conferred on the directors, and that the conclusion that only the stockholders had power to elect whether the bank should go into liquidation or make the assessment followed from the fact that only the stockholders were authorized by the statute to place the bank in voluntary liquidation.

Our statute is patterned after the Federal law. Section 6365, G. S. 1913, provides:

"Every bank * * * whose capital shall become impaired, within in ninety days after receiving notice thereof from the public examiner, shall make up the deficiency by a pro rata assessment on the capital stock or go into liquidation, and, in case of refusal to do so, a receiver may be appointed to close up its business as provided in the case of insolvent banks; but, with the consent and approval of the examiner, such bank may reduce its paid-up capital stock as hereinafter provided, pay in any remaining deficiency, and thereupon continue business upon such reduced capital."

Section 6374, G. S. 1913, provides:

"By a resolution duly adopted by the holders of a majority of its

stock it may go into liquidation and close its affairs, after filing with the examiner a duly certified copy thereof, and giving eight weeks' published notice to creditors to present their claims, and filing proof thereof with him."

Defendant states that "the facts in the case at bar and the facts in the U. S. case quoted are very similar," and that "there is a striking similarity between the provisions of the Federal bank act and the provisions of the banking act of this state passed in 1895," but seeks to make a distinction between the two acts, on the ground that section 6331, G. S. 1913, found in the subdivision entitled "Financial Corporations," provides:

"Any such corporation by a majority vote of its directors, or a vote of three-fourths of its stock at any regular or special meeting of its stockholders, with the written consent of the public examiner, may voluntarily go into liquidation. Notice of such vote and of the consent of the examiner shall be served by mail upon each stockholder at his last recorded address."

That sections 6331 and 6374 are inconsistent, if they apply to the same subject matter, is obvious on inspection. The commission which prepared the Revised Laws of 1905 placed banks, savings banks, trust companies and building and loan associations in one subdivision, entitled "Financial Corporations," for the purpose, as they state in their report, of making a single statement of the provisions common to all, but intending to follow the existing statutes as to banks, savings banks and trust companies. They took the provisions of section 6331 (being section 2969, R. L. 1905), from the statute theretofore governing the liquidation of building associations, and placed this section in the subdivision of the Revised Laws entitled "Financial Corporations" under the subhead thereof entitled "General Provisions." They took the provisions of section 6374 (being section 3005, R. L. 1905), from the statute theretofore governing the liquidation of banks, and placed this section in this same subdivision of the Revised Laws, but under the subhead thereof entitled "Banks." As stated these two sections are inconsistent in essential respects and cannot stand together without conflict, if applied to the same subject matter. The fact that section 6331 is placed among the general provisions common to all financial corpo-

rations, and that section 6374 is placed among the special provisions applicable to banks, leads to the conclusion that the former was intended as a general provision governing the liquidation of those financial corporations, for the liquidation of which no special or specific provision was made, and that the latter was intended as a special and specific provision governing the liquidation of banks and was incorporated in the revised laws for the purpose of continuing in force the former law governing such liquidation. See Dunnell, Minn. Dig. and 1916 Supp. § 8961. We are therefore of opinion that section 6374, and not section 6331, governs the liquidation of banks. It follows that the distinction which defendant seeks to draw between the Federal law and the state law, to the effect that under the state law a bank may be thrown into voluntary liquidation by the directors, is without foundation.

The reasons which impelled the Federal court to hold that the power to levy an assessment to make good the depleted capital of a national bank rested in its stockholders and not in its directors, apply with equal force in the case at bar. Furthermore our statute gives a state bank the further option to continue in business by reducing its capital stock and paying in any remaining deficiency, and such reduction of its capital stock can be brought about only by the stockholders. For the reasons stated, and as two of the options open to the bank can be carried into effect only by the stockholders, we hold that under our statute an assessment to make good the depleted capital of a state bank can be made only by its stockholders, and that the assessment in controversy is void as held by the trial court. The case of Slette v. Larson, 125 Minn. 263, 126 N. W. 1093, is not an authority to the contrary, as this point was not raised or considered in that case.

Order affirmed.

DIBELL, J. (concurring).

Slette v. Larson, 125 Minn. 263, 126 N. W. 1093, was wrongly decided. The assessment was made by the board of directors and our decision permitted its enforcement. If we had known the law to be as now correctly announced, though that view of the law was not urged at the argument, the result would have been different. Misunderstand-

ing in the future should be forestalled by a concession that the decision was in error. I concur in the affirmance.