# STATE EX REL. J. W. ANDREWS v. W. A. BEACH AND OTHERS.[1]

February 16, 1923.

No. 23,427.

**Submission of amendments to home rule charter.**

1. Neither the governing body of a city nor the courts have any supervisory powers over the form of amendments to a home rule charter, prepared by a board of freeholders appointed by virtue of section 1343, G. S. 1913.

The provisions of section 1350, G. S. 1913, with reference to the submission of amendments to home rule charters are mandatory. It is the absolute duty of a city council to submit such amendments, subject possibly to the qualification that they need not be submitted if it is apparent that they are not in harmony with the Constitution or laws of this state.

**Failure to submit does not affect the statutory duty.**

2. The failure of a city council to submit such amendments as directed by statute does not put an end to the duty to submit them or call a special election to vote on them. Such election may be held at the same time as the general city election and may be conducted by the same election officers.

Upon the relation of J. W. Andrews the district court for Blue Earth county granted its writ of mandamus directing the mayor and councilmen of the city of Mankato to cause the proposed amendments to the charter to be submitted at a special election or show cause why they had not done so. At the hearing before Comstock, J., relator moved for judgment on the pleadings and defendants moved to quash the writ. From the judgment entered upon an order dismissing the petition and quashing the writ, relator appealed. Reversed.

*C. O. Dailey*, for relator.

*C. E. Gilmore*, City Attorney, for respondents.

[1] Reported in 191 N. W. 1012.

LEES, C.

Appeal from a judgment quashing an alternative writ of mandamus by which respondents were required to publish and submit at a special election certain amendments to the charter of the city of Mankato. The facts were set forth in the writ as follows:

Mankato has a home rule charter, adopted in the year 1910. In May, 1922, and within 6 months of the general election held in November following, the board of freeholders, appointed by virtue of section 1343, G. S. 1913, delivered the draft of the proposed amendments to respondents, the mayor and councilmen of the city. The amendments were not published or submitted at the November election and respondents declined to call a special election at which they might be submitted. In their answer, respondents admitted the facts to be as above stated and alleged that their action was lawful. Referring to a so-called policewoman amendment, they alleged that they were willing to submit it at the general city election to be held in April, 1923.

The court's order was filed December 21, 1922, and was accompanied by a memorandum in which it was said that one of the amendments was so worded as to be of uncertain meaning; that there was a failure to make provision for the nomination at the primary election of candidates for the offices of judge and special judge of the municipal court of Mankato; and that an amendment relating to the procedure in levying assessments for the cost of laying watermains referred to charter provisions dealing with the power of eminent domain instead of special assessments. The opinion was expressed that the requirement of certainty in legislative enactments had not been observed; that this was a matter to be considered by the court, and it was suggested that the amendments be referred back to the board of freeholders for reconsideration and clarification and then returned to respondents for submission at the general city election in April, 1923.

It was the duty of the council to submit the amendments at the November general election, if the facts are as stated in the writ. Respondents' brief informs us that there are glaring defects in the proposed amendments which were publicly pointed out and called

to the attention of the attorney for the board of freeholders in time to permit corrections to be made and the revised amendments submitted at the November election, but the board refused to rewrite them and has continued to insist that the mayor and council should call an election and submit them in their present form. These are matters outside the record and not for the consideration of the courts. It is not within the province of the governing body of a city or of a court to pass judgment on the quality of the work done by a board of freeholders. Such boards may and sometimes do write charter provisions or amendments which are of doubtful meaning, or amendments which do not dovetail into charter provisions left untouched. In a word, although the work of the board may have been badly done, that is no reason why the electors should not be given an opportunity to approve or disapprove of it. In passing on the proposed amendments the people of Mankato "have all the legislative power possessed by the legislature of the state save as such power is expressly or impliedly withheld." Park v. City of Duluth, 134 Minn. 296, 159 N. W. 627. Neither the city council nor the courts have any supervisory or veto powers. The statute is mandatory and declares that upon the delivery of the draft of a charter the council, or other governing body of the city, *shall cause* the proposed charter to be submitted, etc. Section 1348, G. S. 1913. Proposed amendments *shall be submitted* as in the case of the original charter. Section 1350, G. S. 1913. There is no room for argument about the duty of the council in either case.

It is suggested that mandamus will not lie to compel the submission of amendments which would be unconstitutional or void even if approved by the electors. A home rule charter and all amendments thereto must be in harmony with the Constitution and laws of this state. Section 36, article 4, Constitution of Minnesota. But it cannot be and is not maintained that the proposed amendments contravene the public policy of the state or any statutory or constitutional requirement. We do not hold that an amendment to a charter must be submitted even though it is manifestly unconstitutional. That question is not now before us and consideration is not necessary to the determination of this appeal.

It is through no fault of the relators that the amendments have not been submitted as directed by section 1348. The duty to submit them is not at an end because respondents did not comply and no longer can comply with the directions of the statute. It is within their power at any time to call a special election and lay amendments before the people for ratification or rejection. State ex rel. Lowe v. Barlow, 129 Minn. 181, 151 N. W. 970. Such election may be held at the same time as the general city election and may be conducted by the same election officers. Section 1348; Hopkins v. City of Duluth, 81 Minn. 189, 195, 83 N. W. 536. Mankato's next general election is near at hand. There is yet time to publish the amendments as the law requires. The expense of a special election to vote on the amendments alone can be avoided. If the amendments are adopted, they will not take effect until 30 days after the election and will not terminate the right of the city officials elected in April to continue in office. Woodbridge v. City of Duluth, 121 Minn. 99, 140 N. W. 182. They will take office on the second Tuesday of April and hold over until their successors are elected and qualified. Section 5, Mankato City Charter. Their successors cannot be elected prior to the next general city election unless a special election is ordered as provided by section 17 of the present charter. The next general city election will not be held until the first Monday in December, 1924, if the amendments are ratified, and hence the officers chosen under the provisions of the present charter will continue to serve. We are of the opinion that, in addition to the Policewoman amendment, all the others should be submitted at the city election to be held on the first Tuesday of April next, if there is yet time to submit them at that election, otherwise a special election should be called for the purpose of voting on them.

The judgment dismissing the petition for the alternative writ and quashing the writ is reversed and the cause remanded for further proceedings in accordance herewith.