## ANSON B. JACKSON v. MINNETONKA COUNTRY CLUB.[1]

March 5, 1926.

No. 25,126.

**Country club has no authority to assess its stock or memberships, if not given in articles or in contract with stockholders.**

1. The statute does not authorize a corporation, organized as the defendant, to assess its stock or memberships; and in the absence of such a provision in its articles, or a contract to that effect with its stockholders, it is without authority to assess.

**No findings should be made upon judgment on the pleadings.**

2. Findings should not be made upon the granting of a motion for judgment on the pleadings.

Clubs, 11 C. J. p. 930 n. 89, 90 New.
Corporations, 14 C. J. p. 846 n. 15.
Pleading, 31 Cyc. p. 669 n. 57.
Trial, 38 Cyc. p. 1955 n. 22 New.

[1]Reported in 207 N. W. 632.

Action in the district court for Hennepin county to restrain defendant from selling plaintiff's stock or membership in defendant corporation. The case was heard by Bardwell, J., who made findings granting defendant's motion for judgment on the pleadings. Plaintiff appealed from the judgment. Reversed.

*A. B. Jackson* and *L. A. Door*, for appellant.

*Thompson, Hessian & Fletcher*, for respondent.

DIBELL, J.

Action for an injunction restraining the defendant from selling the plaintiff's stock or membership in the defendant corporation. The defendant claims the right to sell because of unpaid assessments. Both parties moved for judgment on the pleadings. The motion of the defendant was granted and judgment was entered. The plaintiff appeals from the judgment.

1. The defendant is a corporation organized under G. S. 1923, § 7892, et seq. Subdivisions 1, 2 and 3, G. S. 1923, § 7893, provide that the certificate adopted and signed by the incorporators shall state:

"1. Its name, its general purpose and plan of operation, and its location.

"2. The terms of admission to membership, the amount of monthly, quarterly, or yearly contributions required of its members.

"3. If there be capital stock, the number of shares, and the amount of each share."

The defendant's general purpose is indicated by its name; and in addition it is declared to be its purpose to take an interest in community welfare.

The capital stock is fixed by the articles at $50,000, divided into 1,000 shares of $50 each. To be a member one must own a share of stock. No member is permitted to own more than two shares. A member must pay a membership fee of $100, and the annual dues were fixed at $50. The plaintiff became a member in 1918, paid $50 for a share of stock, and $100 for a membership. He paid

his dues afterwards. On July 13, 1923, at a meeting of the stockholders, each member was assessed $100, and on December 29, 1924, each member was assessed $10. For these two assessments it is proposed to sell the plaintiff's "stock and interest" in the club.

On the face of the shares of stock is written:

"This stock is subject to annual dues, assessments, and a transfer fee as provided in the articles of incorporation and the by-laws, and is transferable only with the consent of the board of governors."

No statute authorizes the levy of an assessment by the corporation. We have in mind but one instance of a statutory authorization of an assessment by a corporation, and that is in the case of banking corporations, where there may be an assessment as an alternative of liquidation. G. S. 1923, § 7684. Under this statute we sustained, in Slette v. Larson, 125 Minn. 263, 126 N. W. 1093, an assessment made by the board of directors; but in Devney v. Harriet State Bank, 145 Minn. 339, 177 N. W. 460, we corrected ourselves and held that a valid assessment could be made by the stockholders only.

In the absence of statutory authorization, or a provision in its articles or by contract, a corporation cannot refinance itself by levying stock assessments. It has no such power as incident to its existence as a corporation. Duluth Club v. Macdonald, 74 Minn. 254, 76 N. W. 1128, 73 Am. St. 344; 7 Fletcher, Cyc. Corp. §§ 4270-4272; 2 Clark & M., Corp. § 402; 1 Cook, Corp. (8 ed.) § 241; Slette v. Larson, 125 Minn. 263, 126 N. W. 1093; Devney v. Harriet State Bank, 145 Minn. 339, 177 N. W. 460; note 45 L. R. A. 647; note 22 L. R. A. (N. S.) 1013.

A provision in the articles for assessment of stock or memberships to rehabilitate the corporation should be fairly clear. It does not furnish the usual method of refinancing; and it would work confusion and result in unanticipated liabilities if such a power were held to exist by loose implication.

The articles provide that each "[member] shall be required to pay the annual dues and assessments, if any, levied upon his membership," and the "annual dues and assessments * * * shall be

and become a first lien upon the stock of such member." The by-laws provide that "the corporation shall have a lien upon every share of stock outstanding for the amount of the unpaid assessments charged or chargeable against the same;" and, again, that "any regular member, who shall fail to pay the annual dues assessed upon the stock held by him," shall be suspended from the privileges of the club, and his interest in the stock of the club sold. To the language used we should not apply so ruinous a construction as would compel stockholders at the behest of a sufficient majority to refinance the corporation to whatever extent the controlling power exacts. We are content to hold that there exists neither in the articles nor elsewhere power to impose an assessment on fully paid stock or a membership. The writing on the face of the stock certificate does not of itself give power to assess. The authority to exact dues is not questioned. Some reliance is placed upon Omaha Law Library Assn. v. Connell, 55 Neb. 396, 75 N. W. 837. Though well·decided, it does not control the facts before us.

2. Upon the granting of the defendant's motion for judgment on the pleadings, findings were made in its favor. This is not approved practice. State v. Chase, 165 Minn. 268, 206 N. W. 396; Crispo v. Conboy, 153 Minn. 343, 190 N. W. 541; State v. Barlow, 129 Minn. 181, 151 N. W. 970.

There should be judgment for the plaintiff.

Judgment reversed.