JOHN W. LOWE v. F. J. NIXON AND ANOTHER.[1]

March 4, 1927.

No. 25,845.

**Order not appealable.**
 1. An order denying a motion to strike out a portion of a pleading as immaterial, irrelevant and redundant is not appealable.

**Correct to strike out part of answer.**
 2. In an action on one of a series of promissory notes, a portion of the defendants' answer which alleged, by way of a counterclaim for conversion of collateral stock owned by them that they had paid a note of the same series, and that the agreement was that an equivalent in par of the collateral stock was to be returned on such payment, it appearing that the plaintiff had no certificate of the amount of the paid note, and that the defendants neither made nor sought to make an arrangement whereby the stock could be divided into certificates of proper amount, was properly stricken.

**Order not appealable.**
 3. An order granting a motion for judgment on the pleadings is not appealable.

**When findings and conclusions should not be made.**
 4. On a motion for judgment on the pleadings findings of fact and conclusions of law should not be made.

Appeal and Error, 3 C. J. p. 487 n. 26; p. 489 n. 35.
Pleading, 31 Cyc. p. 619 n. 64; p. 666 n. 15; p. 669 n. 57.

Defendants appealed from an order of the district court for St. Louis county, Magney, J., denying their motion to strike out portions of plaintiff's reply and granting plaintiff's motion to strike out portions of defendants' answer. Order striking answer affirmed.

*Fryberger, Fulton, Hoshour & Boyle,* for appellants.

*Theo. Hollister,* for respondent.

[1]Reported in 212 N. W. 896.

DIBELL, J.

Action on one of a series of promissory notes. The defendants appeal from an order denying their motion to strike out certain portions of the plaintiff's reply as immaterial, irrelevant and redundant, granting the motion of the plaintiff to strike out certain portions of their answer as sham and frivolous, and granting the plaintiff's motion for judgment on the pleadings.

1. The order denying the defendants' motion to strike out portions of the plaintiff's reply as immaterial, irrelevant and redundant is not appealable. See Vermilye v. Vermilye, 32 Minn. 499, 18 N. W. 832, 21 N. W. 736; Exley v. Berryhill, 36 Minn. 117, 30 N. W. 436; Nat. Albany Exch. Bank v. Cargill, 39 Minn. 477, 40 N. W. 570; State v. O'Brien, 83 Minn. 6, 85 N. W. 1135; Lovering v. Webb Pub. Co. 108 Minn. 201, 120 N. W. 688, 121 N. W. 911.

2. The order striking out a portion of the answer is appealable and this order involves whatever there is of a real controversy.

In February, 1925, the defendants executed to the plaintiff a series of 12 notes of $2,000 each, due a year apart, and bearing 6 per cent interest payable annually. The first note was paid. The second was not paid nor was the annual interest on the remaining notes paid. This action is on the second note, and accrued annual interest of $1,200 on this and others.

The defendants admit plaintiff's right of recovery. They interpose a counterclaim. They deposited with the plaintiff, as collateral to the notes, $24,000 of par value of the capital stock of the Paine & Nixon Company, or at least this is a sufficiently accurate statement for present purposes. The plaintiff agreed to return an equivalent amount par value of the stock whenever one of the $2,000 notes was paid. After the payment of the first note they demanded a surrender of a like amount in par of the stock. The plaintiff refused. This refusal, they say, amounted to a conversion of the stock, worth $2,000, and they ask that the plaintiff recover no more than the amount for which they sue in excess of $2,000.

It appears conclusively that the plaintiff had no certificate of stock for $2,000. The defendants had not deposited as collateral a certif-

icate of that amount. The smallest certificate was for $3,500. The plaintiff was not required to surrender in par value more than the $2,000. It was for the defendants to get the certificates in such amounts that they could be applied at par on the note, or at least to arrange so it could be done conveniently with the co-operation of the plaintiff. Until then there was no conversion. The plaintiff could not be required to transfer the stock into his own name in certificates of appropriate amounts. The answer does not show a conversion. If there is no more trouble between the parties than appears on the face of the papers before us, but it may be there is, they can arrange it quickly without substantial trouble or expense, if they be so minded, and without the aid of a court. And it occurs to us, though we do not presume to suggest a remedy in the event of disagreement, that if the defendants should choose to admit their liability when sued on a note, allege that upon payment they were entitled to the surrender of collateral, and that they were ready to pay, a forceful argument could be made that such an equity appeared that upon payment a surrender would be required and easily could be arranged by the court. Something similar in result was accomplished under different facts in Knoblauch v. Foglesong, 37 Minn. 320, 33 N. W. 865, without injustice to either party. It is of course true, if the defendants' answer correctly states the facts, that the plaintiff cannot retain after payment of a note stock which he agreed to surrender upon payment, and doing so he might convert, but this is not the case made.

3. The court, on the motion of the plaintiff, entered an order for judgment on the pleadings, and the defendants appeal from it. Such an order is not appealable. Arnoldy v. N. W. State Bank, 142 Minn. 449, 172 N. W. 699; Supornick v. National Council, 141 Minn. 306, 170 N. W. 507; County of Renville v. City of Minneapolis, 112 Minn. 487, 128 N. W. 669.

4. In granting the motion for judgment on the pleadings the court made findings of fact and conclusions of law. This is not good practice. State ex rel. Lowe v. Barlow, 129 Minn. 181, 151 N. W. 970; Crispo v. Conboy, 153 Minn. 343, 190 N. W. 541; State

ex rel. Yapp v. Chase, 165 Minn. 268, 206 N. W. 396. The reason is evident. The trial court in passing upon the motion does not weigh evidence. This court does not review the sufficiency of evidence. The trial court and this court view the pleadings and determine whether an issue of fact is tendered.

The appeal, so far as it assumes to present for review the order denying the defendants' motion to strike certain portions of the reply, is dismissed. So far as it assumes to present for review the order granting the plaintiff's motion for judgment on the pleadings, it is dismissed. So far as it grants the plaintiff's motion to strike out as sham and frivolous certain portions of the defendants' answer, it is affirmed.

Order striking answer affirmed.