E. I. CHILSON v. TRAVELERS INSURANCE COMPANY.[1]

March 28, 1930.

No. 27,696.

[1]Reported in 230 N. W. 118.

*Cobb, Hoke, Benson, Krause & Faegre,* for appellant.

*Alphonse A. Tenner, Northey & Nelson* and *Austin L. Grimes,* for respondent.

HILTON, J.

Defendant appeals from a judgment in a case tried to the court without a jury.

This action is based upon an automobile liability policy and involves an "omnibus coverage clause" contained therein. This clause in referring to the coverage states:

"The unqualified word 'Assured' wherever used in this policy includes not only the named Assured but any other person or organization while legally using any such automobile * * * provided that such use is with the permission of the named Assured * * *."

Defendant (hereinafter referred to as the company) issued its policy, in which Frank Grzeca, owner of an automobile described therein, was specifically named as "Assured." This automobile while being driven by one Theodore Miller was involved in an accident in which serious injuries were inflicted upon Mathilda H. Chilson, who died therefrom shortly thereafter. In a suit brought by the present plaintiff against Grzeca and Miller, the former was successfully defended by the company, but it declined to defend Miller; plaintiff thereupon dismissed the case as to him.

The plaintiff later commenced an action against Miller. He wrote the company, sending it the summons and complaint and

requesting it to defend the action for him. He stated in the letter that he was driving the car with the permission and consent of the owner. The company replied by letter declining to defend, denying liability on all grounds and particularly on the ground that Miller was not driving the car with the permission and consent of the owner. The Miller case was tried to the court without a jury, and at the close of plaintiff's case by stipulation of the parties a judgment was entered in plaintiff's favor for $3,524.50. By a further stipulation of the parties this judgment was reduced to $2,950. Miller was an inmate of the St. Cloud reformatory and was judgment-proof. This action was then brought. Before the close of the trial in the present case the company introduced testimony of Grzeca that Miller used the car without his permission and consent.

The record discloses the following statement by the court:

"At the opening of the trial plaintiff moved for judgment on the pleadings. The matter of said motion having been duly argued and evidence submitted upon said hearing by agreement of the parties, and the court having carefully considered the same and being fully advised in the premises, makes and finds the following findings of fact and conclusions of law, and in all things grants said motion for judgment on the pleadings.

"FINDINGS OF FACT.

"1. That all the material allegations contained in plaintiff's verified complaint are true, and that the insurance policy attached to the complaint was in full force and effect during all the times referred to in said complaint.

"2. That the allegations contained in paragraphs 1, 2, 3 and 4 of defendant's verified answer are true.

"CONCLUSIONS OF LAW.

"1. That plaintiff is entitled to judgment against the defendant in the sum of $2,950 with interest thereon at the rate of six per cent per annum since the 20th day of July, 1927, together with his costs and disbursements.

"Let judgment be entered accordingly."

12

Defendant assigns as error the granting of plaintiff's motion for judgment on the pleadings and the making of the first finding of fact and also the conclusions of law above recited.

The situation is unusual. It is not clear whether the conclusions of law are based in part upon the order granting plaintiff's motion for judgment or in part upon the findings of fact, or on both. There should be no findings of fact when judgment is granted on the pleadings. State ex rel. Lowe v. Barlow, 129 Minn. 181, 151 N. W. 970; Crispo v. Conboy, 153 Minn. 343, 190 N. W. 541; State ex rel. Yapp v. Chase, 165 Minn. 268, 206 N. W. 396; Jackson v. Minnetonka Country Club, 166 Minn. 323, 207 N. W. 632; Lowe v. Nixon, 170 Minn. 391, 212 N. W. 896; Minneapolis Tr. Co. v. Birkholz, 172 Minn. 231, 215 N. W. 223.

At least one of the important allegations of the complaint was the one asserting that Miller was driving the car with the permission and consent of the owner. This allegation was specifically denied by the answer. It raised an important issue which precluded judgment in plaintiff's favor upon the pleadings. The answer also pleaded several affirmative defenses which could not be disposed of by a motion for a judgment upon the pleadings.

The finding of fact "that all the material allegations contained in plaintiff's verified complaint are true" is insufficient to support a judgment for plaintiff. Abrahamson v. Lamberson, 68 Minn. 454, 71 N. W. 676; 38 Cyc. 1983.

The second finding was "that the allegations contained in paragraphs 1, 2, 3 and 4 of defendant's verified answer are true." Paragraph 1 alleges the corporate existence of defendant. Paragraph 2 admits the injury and consequent death of Mrs. Chilson. Paragraph 3 admits the making of the policy to Grzeca. Paragraph 4 admits the commencement of the second suit against Miller, the tender of his defense, and refusal of the company to accept it.

We are of the opinion, irrespective of the merits of the case, that under the foregoing statement of the situation the trial court was in error. The judgment should be and it is hereby reversed.

Reversed.