## SELFRED BOLSTAD v. JOHN J. HOVLAND.[1]

September 16, 1932.

No. 28,797.

*R. M. Saltness,* for appellant.
*Daly & Barnard,* for respondent.

DIBELL, J.

Action to recover interest paid on a mortgage note, alleged to be an increase in the rate after maturity; and to enjoin the enforcement of subsequent coupons. The defendant moved for judgment

[1]Reported in 244 N. W. 338.

on the pleadings. The motion was granted, and judgment was entered. The plaintiff appeals from the judgment.

■ The statute, G. S. 1923 (2 Mason, 1927) § 7036, after fixing the legal rate of interest at six per cent and prescribing that the maximum rate shall be eight per cent, says this:

"In the computation of interest upon any bond, note, or other instrument or agreement interest shall not be compounded, but any contract to pay interest, not usurious, upon interest overdue, shall not be construed to be usury. Contracts shall bear the same rate of interest after they become due as before, and any provision in any contract, note, or instrument providing for an increase of the rate of interest after maturity, or any increase therein after making and delivery, shall work a forfeiture of the entire interest; but this provision shall not apply to notes or contracts which bear no interest before maturity."

Section 7037 provides that "every person who for any such loan or forbearance shall have paid or delivered any greater sum or value than in § 7036 allowed to be received" may recover the full amount of interest, one-half to go into the treasury of the county for the use of the common schools.

The provision for a forfeiture of all interest if the contract rate was increased after maturity came into our statutes by L. 1887, p. 116, c. 66, amending L. 1879, p. 69, c. 66. Prior to that it was usual to hold that a provision for an increase after maturity was not strictly interest but was a penalty and could not be sustained either as a contract rate or as liquidated damages. Mason v. Callender, Flint & Co. 2 Minn. 302 (350), 72 Am. D. 102; Talcott v. Marston, 3 Minn. 238 (339) ; Newell v. Houlton, 22 Minn. 19; Smith v. Crane, 33 Minn. 144, 22 N. W. 633, 53 Am. R. 20, where the cases are reviewed. Often the construction given to the effect that the lower rate was the agreed rate was to save the note as a negotiable instrument. In Chase v. Whitten, 51 Minn. 485, 53 N. W. 767, appearing again in 62 Minn. 498, 65 N. W. 84, the facts wherein arose after the statute, the cases are reviewed somewhat fully. There is a later consideration of some of them in Allen v. Cooling, 161 Minn. 10, 200 N. W. 849.

On November 15, 1926, Nels A. Bolstad mortgaged land in Lac qui Parle county for $15,000 and gave his promissory note due on May 1, 1936, "with interest payable annually, at the rate of 5½ per cent per annum, which is evidenced by interest notes hereto attached." The note stated that it was secured by mortgage. The note had an acceleration clause giving the owner the right to declare the whole sum due upon default in the payment of interest.

There was one interest coupon note due March 1, 1928, and eight interest coupons of $825 each, payable respectively May 1, 1929, 1930, 1931, 1932, 1933, 1934, 1935, and 1936. Each was for annual interest at five and one-half per cent. Each contained this provision:

"This note bears interest at 5½ per cent per annum after due until paid and is to be construed according to the laws of Minnesota."

There was the following indorsement on the back of each coupon:

"$750.00 will be accepted in full payment of this coupon if payment thereof is made on or before due date."

On July 18, 1930, Nels A. Bolstad, the mortgagor, conveyed the real estate mortgaged to the plaintiff, together with all causes of action against the defendant by reason of payment of interest on the loan of $15,000. On August 1, 1930, plaintiff paid the defendant $836.34 in payment of the coupon which came due on May 1, 1930. This was $825 with interest at the rate of five and one-half per cent from May 1, 1930, to August 1, 1930. He paid $750 in full of another coupon.

The complaint alleges that the principal mortgage note and said nine interest coupon notes by their terms provided that Nels A. Bolstad should pay to the defendant interest on the loan of $15,000 at the rate of five per cent per annum before maturity of said loan and at the rate of five and one-half per cent per annum after maturity. There are these allegations:

"That said principal mortgage note and said nine interest coupon notes by their terms provide that said Nels A. Bolstad should and

shall pay to said defendant interest on the aforesaid loan of $15,000.00 at the rate of 5% per annum before maturity of said loan and of said interest coupon notes, and at the rate of 5½% per annum after maturity of said loan and of said interest coupon notes.

"That defendant intended by said first mortgage, said principal mortgage note and said nine interest coupon notes to reserve and to collect interest on said loan of $15,000.00 at the rate of 5% per annum before maturity thereof, and at the rate of 5½% per annum after maturity thereof.

"That on or about the 18th day of July, 1930, said Nels A. Bolstad sold and conveyed the above described real estate to plaintiff, and, for a valuable consideration, sold and assigned to plaintiff any and all causes of action to arise in favor of said Nels A. Bolstad and against said John J. Hovland, defendant, by reason of payment of interest on the aforementioned loan of $15,000.00, and that plaintiff is still the owner and holder thereof."

These allegations are construed as intending to charge that the effect of the provisions in the coupons that each might be paid by $750 if paid at maturity, instead of $825, made the rate of interest increase after maturity. It is not claimed that there was an agreement aside from the note and coupons to this effect; but the contention is that such is the necessary result of a proper construction. It is true of course that if the interest coupons were paid at maturity the net result would be that the plaintiff would pay only the equivalent of five per cent on $15,000. His contract was for five and one-half per cent. It was not for five per cent. He was in effect to have his interest decreased as a reward for prompt payment; not to have it increased if he did not pay at maturity. There was no agreement aside from the papers signed. None is alleged. The agreement is that which the papers show—not one aside from them. The plaintiff has not paid and is not to be required to pay an increased rate of interest after maturity within the condemnation of the statute. And it may be suggested that upon his own theory, giving the construction most favorable to plaintiff, he did no more

than voluntarily pay something which cannot be recovered. Carson v. Cochran, 52 Minn. 67, 53 N. W. 1130; Anderson v. Scandia Bank, 53 Minn. 191, 54 N. W. 1062; Strickland v. First State Bank, 162 Minn. 235, 202 N. W. 727; 5 & 6 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 7462, 9991.

■ Confusion is brought into the case by a claim that certain allegations are sham. A supporting affidavit is introduced, and it appears from the trial court's memorandum that six of the coupons were produced at the hearing on the motion for judgment. The motion for judgment on the pleadings asserted as a ground for granting it that there were sham allegations. Of course the presence of sham allegations is reached by motion to strike and not by motion for judgment on the pleadings; and we have had frequent occasion to say that on such a motion the pleadings cannot be aided nor harmed by affidavits tending to show that they are sham. We confine our attention to the pleadings. State ex rel. Lowe v. Barlow, 129 Minn. 181, 151 N. W. 970; Crispo v. Conboy, 153 Minn. 343, 190 N. W. 541; Jackson v. Minnetonka Country Club, 166 Minn. 323, 207 N. W. 632; Lowe v. Nixon, 170 Minn. 391, 212 N. W. 896; John Hancock Mut. L. Ins. Co. v. Meester, 173 Minn. 18, 216 N. W. 329; Chilson v. Travelers Ins. Co. 180 Minn. 9, 230 N. W. 118; 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7692.

Judgment affirmed.